PASQUALINA CAPOBIANCO *vs.* UNITED WIRE & SUPPLY CORP. *et al.*

OCTOBER 31, 1955.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CAPOTOSTO, J. This is a petition under the workmen's compensation act, general laws 1938, chapter 300, article III, §1, to reform a previously approved preliminary agree-

ment for compensation on the ground that such agreement had been procured through fraud and coercion. The case is here on the employee's appeal from a decree of the superior court denying and dismissing the petition for want of prosecution. Since the rights of the two named respondents are the same, we will hereinafter refer to them collectively as the respondent.

The background for the proceedings in the instant case may be found in *Capobianco* v. *United Wire & Supply Corp.,* 77 R. I. 474, and 78 R. I. 309, where certain procedural matters not necessary to specify here were determined. It is undisputed that petitioner suffered a compensable injury on June 4, 1945; that a preliminary agreement describing the injury as "Lumbo-sacral strain" and requiring the employer to pay compensation of $20 weekly during the employee's total incapacity was approved by the director of labor; that such payments were duly made until November 8, 1945 when the employee returned to her work; and that a settlement receipt, which the director of labor approved, was executed on November 19, 1945. Thereafter the proceedings in the above-mentioned cases were begun and upon completion thereof petitioner, on July 11, 1952, filed the present petition with the department of labor.

The main prayer of the petition is that the preliminary agreement of 1945, wherein the nature of her injury is described as "Lumbo-sacral strain," be reformed to read as follows: "Lumbo-sacral sprain; injury to back; injury to base of spine; traumatic infected pilo-nidal sinus and cyst; traumatic aggravation of a pre-existing pilo-nidal sinus and cyst." The petition was assigned for hearing in the department of labor on December 17, 1952. At that time petitioner's counsel presented no evidence and "agreed to submit to a decision for the respondent." Under such conditions the director of labor filed a decision on January 7, 1953 denying the petition, whereupon petitioner duly appealed to the superior court where, after a number of voluntary

continuances by the respondent at petitioner's request, the court finally assigned the case for trial on April 21, 1954.

When the case was called on that day petitioner's counsel asked for a continuance stating in substance that for a considerable period of time he had been unable to locate his client, and that, having only recently learned that she had married and gone to Germany, he wanted an opportunity to take her deposition. In support of such request he filed an affidavit by petitioner's mother which stated that her daughter had married Frank Pulaski, a sergeant in the American armed forces stationed in Germany, and that she, the daughter, had joined her husband in that country on or about October 1, 1953.

The petitioner's counsel also informed the court that as soon as he learned his client's whereabouts he sent her a letter asking when she expected "to come back and also that if she did not want me to prosecute the case to sign a written authorization to discontinue her case." There was no answer to that letter. As a further ground for a continuance, counsel stated that he could not try petitioner's case at that time because he was then actually engaged in the trial of another case which would keep him occupied for the next few days. In the circumstances the justice in charge of the calendar, without objection from the respondent, continued the case to June 14, 1954 with the distinct understanding that it would have to be tried or otherwise disposed of on that day.

The case was reached for trial before a different justice on June 14. At this time petitioner's counsel asked for a further continuance on the ground that he had been unable, notwithstanding his efforts which he described in detail, to ascertain the person or official in Germany who had the authority to take his client's deposition. After an extended discussion of past and present circumstances, the justice, apparently acting under a broad interpretation of rule 6 of the Rules of Practice of the Superior Court, continued the case to June 21 for trial before him. The purpose of this

continuance was to give counsel an opportunity to file his affidavit, for whatever it was worth, setting forth among other things the facts to which petitioner was expected to testify.

Under rule 6, which respondent urged was inapplicable, the case would proceed to trial if the adverse party were willing to admit that the absent person, if present, would swear to the facts set forth in the affidavit. When the hearing was resumed on June 21 respondent's counsel, characterizing the affidavit of the attorney for petitioner as a statement "full of assertions, allegations, claims and demands," refused to accept as testimony the alleged facts stated in the affidavit and moved that petitioner go to trial or that the case be dismissed for want of prosecution. As petitioner's counsel was without evidence in support of the petition, the trial justice granted respondent's motion to dismiss.

On a motion for a continuance the burden of proof is on the moving party. It is well settled that ordinarily the granting or denial of such a motion is within the discretion of the trial justice and that his action in the matter will not be reversed by this court unless there is a clear abuse of discretion. *Williams* v. *Altruda*, 74 R. I. 47, and cases cited. See also 86 A.L.R. 1249, Note. The cases of *Bozoian* v. *Berard*, 82 R. I. 229, and *Tillinghast* v. *Harrop*, 59 R. I. 260, upon which petitioner relies, are inapplicable because of widely different factual situations.

We have set forth the record in the instant case at considerable length to make it clear that petitioner was not arbitrarily deprived of an opportunity to have her case tried. When fairly considered, her uncooperative conduct over a long period of time was reasonably open to the conclusion that she intended either to abandon further prosecution of the litigation, or that, ignoring her own obligations in the matter and in utter disregard of the rights of others in interest, she meant to cast entirely upon her attorney the

burden of protecting her against an unfavorable result. Upon consideration of the entire record, it is our judgment that petitioner's attorney fully discharged his duty to her under embarrassing circumstances solely of her creation, and that, apparently recognizing his predicament, counsel for the respondent indulgently refrained from moving earlier for a final disposition of the case. Applying the rule herein stated governing the granting or denial of a motion for continuance, we find no reason to disturb the decision of the trial justice.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission.

BAKER, J., did not participate in the decision.

*Goldberg & Goldberg, Philip B. Goldberg, Leo M. Goldberg, Joseph Palmieri, George C. Berk,* for petitioner.

*Worrell & Hodge, Lee A. Worrell,* for respondents.