**Robert L. SMITH**

v.

**BALLOU, JOHNSON & NICHOLS CO.**

**No. 81–390–Appeal.**

Supreme Court of Rhode Island.

Dec. 11, 1981.

Lovett & Morgera, Ltd., Raul L. Lovett and Lauren E. Jones, Providence, for petitioner.

Healy & Chiulli, Catherine Carroll Chiulli, Providence, for respondent.

## OPINION

PER CURIAM.

This workers' compensation appeal came on to be heard before a panel of this court on November 17, 1981, pursuant to an order to the employee, Robert L. Smith (Smith), directing him to show cause why his appeal should not be summarily dismissed because the dismissal by the Workers' Compensation Commission of his petitions for compensation involved an exercise of discretion, there being evidence in the record to support the commission's action. Because the commission exercised its discretion against the background of a rather extended factual pattern, we have decided to dispose of the employee's appeal by way of a per curiam opinion.

The record indicates that one petition, dated December 28, 1978, sought compensa-

tion for a total loss of earning capacity resulting from a June 15, 1977 heart attack that allegedly resulted from job pressures. The second petition, which was filed over a year later in March 1980, sought specific compensation benefits for Smith's loss of the use of his right leg from a fall sometime during late August 1974.

The transcript of evidence now before us contains conflicting testimony relating to Smith's heart attack and his broken leg. The evidence came from the lips of Smith, from two officers of his employer, and from Smith's girl friend.

Smith insisted that his June 15, 1977 heart attack occurred while he was driving home to his wife and family after calling upon a customer. He also claimed that his leg was broken when he fell on the deck of a chartered fishing boat that had been hired by his employer to transport a group of the company's customers on a good-will cruise along the waters of Long Island Sound.

The chairman of the corporate employer's board of directors testified that Smith had told him that he had broken his leg in a fall down the cellar stairs at his own home. Smith's girl friend told the trial commissioner that Smith's coronary problems arose following a mid-June 1977 lovemaking session at her apartment. Subsequently she discovered that she was pregnant, and at the time of the hearing, paternity proceedings were pending against Smith. The final witness at a March 27, 1980 hearing was the president of Ballou, Johnson & Nichols. When the president concluded his testimony, the trial commissioner asked Smith's attorney if he would have any further "lay witnesses"; if he did not, then, the commissioner said, he would like to set the trial date "if you intend to bring a doctor in." The attorney assured the trial commissioner that he would bring in a doctor.

The docket sheet in the heart-attack claim indicates that on seventeen different occasions during a two-year period the hearing date on the claim was postponed. The docket entry dated November 10, 1980, indicates that the hearing was being post-

poned for the last time until January 5, 1981. The loss-of-use docket sheet contains a similar track record plus the admonition about the finality of the postponement from November 10, 1980, to January 5, 1981.

When the case came on for hearing before the trial commissioner on the morning of January 5, 1981, neither Smith nor his attorney was present. The attorney was present at the commission's headquarters, but he was there to appear before another trial commissioner. At 12:40 p.m. the trial commissioner who was hearing Smith's petition confronted Smith's attorney at the commission's headquarters and informed the attorney that Smith's petitions were on for hearing that afternoon at 2 p.m. When two o'clock arrived, the trial commissioner and counsel for the employer's insurers were present, but neither Smith nor his attorney nor anyone from the attorney's law firm was present.

Counsel for the insurers sought a dismissal on the basis of a failure to prosecute, and the trial commissioner announced that he would file a written decision denying each petition with prejudice. In his decision, the trial commissioner noted that most of the postponements came at the request of Smith; furthermore, the commissioner expressed the opinion that even though Smith had ample opportunity to prove his claims, "for some unexplained reason" he "failed to do so." Consequently, the trial commissioner ruled that Smith had failed to prove that either his heart attack or his leg injury was work related.

The appellate commission, in affirming the trial commissioner's actions, observed that there is a duty incumbent on employers and employees alike to expedite the disposition of the commission's business. The commission went on to point out that even though Smith's attorney went from the commission's headquarters to the Family Court, where he appeared at 2 p.m. on January 5, 1981, before a judge of that tribunal, prudence would have dictated that some attorney from the law office representing Smith should have been present before the trial commissioner either to proceed with the disposition of Smith's claims or at least to inform the trial commissioner of the whereabouts of the missing attorney.

The decisive issue in this controversy is whether or not the appellate commission's affirmance of the dismissal of Smith's petitions constituted an abuse of discretion. The answer is no. *See Capobianco v. United Wire & Supply Corp.*, 83 R.I. 405, 408, 117 A.2d 436, 438 (1955).

Since no cause has been shown, the employee's appeal is denied and dismissed, and the decrees appealed from are affirmed.

BEVILACQUA, C. J., and SHEA, J., did not participate.