EUGENIA MATTEODO *et al. vs.* GIUSEPPE PESCE *et ux.*

JUNE 29, 1942.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. This is a bill in equity to enjoin threatened interference by the respondents with an alleged easement of gas, water and drain pipes. Respondents, in their answer, denied the existence of such an easement and further averred therein that complainants' claim was *res adjudicata*. After a hearing on bill, answer, replication and proof in the superior court, the respondents' contentions were sustained and a decree was entered denying and dismissing complainants' bill. From this decree complainants have appealed to this court.

Complainants are the owners of a lot of land situate on the southerly side of Ledge street in the city of Providence, laid out and numbered as lot No. 476 on assessors' plat 71 of said city, and they also own another lot of land situate on the northerly side of Gillen street in Providence and laid out and numbered as lot No. 154 on said assessors' plat 71. On these premises are several tenement houses which are served by gas, water and drain pipes which run through a lot, belonging to the respondents, situate on the southerly side of Ledge street in Providence, laid out and numbered as lot No. 153 on said assessors' plat 71. Complainants, by their bill, claim an easement in this lot for the service of their premises by such pipes which, they aver, have been there

for a period of over thirty years under a claim of right, without the consent or permission of anyone, either the respondents or their predecessors in title.

Complainants previously claimed title to lot 153 by right of adverse possession but such claim was finally denied by this court in *Matteodo* v. *Ricci,* 148 A. (R. I.) 33. Later complainants were defendants in an action of trespass and ejectment brought by Ricci and judgment was entered against them. That judgment was affirmed by this court in *Ricci* v. *Matteodo,* 53 R. I. 448. Thereafter complainants brought a bill in equity against Ricci to establish an easement of way over lot 153, which was denied and dismissed after a hearing on bill, answer and proof in the superior court. That decree of the superior court was affirmed by this court on appeal in *Matteodo* v. *Ricci,* 56 R. I. 208.

In the instant cause the respondents contended in the superior court and in this court that, by virtue of the decision in 56 R. I. 208, the complainants' present claim of an easement was *res adjudicata.* They further contended, assuming the question of *res adjudicata* was decided adversely to them, that the complainants had not, as a matter of fact, made out any right to such easement. The superior court sustained their contention that the cause was *res adjudicata* and denied and dismissed the bill of complaint.

In support of the superior court's decree, respondents argued here that the complainants' cause of action is the same as that alleged in their bill in *Matteodo* v. *Ricci,* 56 R. I. 208, and that the issue raised by them in the instant cause was necessarily involved and passed upon adversely to them in the prior cause. Respondents contend that "in either event the estoppel of the judgment in the former case should be applied in the instant case."

In their attack upon the superior court's decree, the complainants contend that their bill is based upon a different cause of action than that alleged in their prior bill. They also contend that the precise issue involved here was neither presented to the court in the prior case nor was it passed upon

by the court. They point out, in support of their contentions, that the prior bill sought only to establish an easement of way, whereas in the instant bill they seek to have the respondents enjoined from interfering with an easement of gas, water and drain pipes in their lot.

Complainants further claim such easement by right of prescription at common law by reason of the apparent, open, notorious, uninterrupted and exclusive user of said pipes in said lot for a period of over thirty years. They further point out that there was no need until the filing of the instant bill to take action to protect their right to such easement since it had never before been interfered with, threatened, or even questioned by anyone. They also argue that they could not have included the present claim in their prior bill to establish their alleged easement of way over this same lot of land because to have done so would have subjected the bill to the objection of multifariousness.

In answer to these contentions, respondents point out that, in the prior cause reported in 56 R. I. 208, there are to be found four specific reasons in support of their contention that the easement now claimed by complainants was decided in that cause. These reasons are substantially as follows: (1) That the claim was set forth in the bill of complaint in the allegation, "that at the time of the construction of said house, i. e., 1904, water, gas and drain pipes to and from said houses were laid in, along, upon or across said lot." (2) That there was testimony offered to prove this allegation as follows: "Q. And what use did you put this strip to that makes you consider that you used it as the owner of it? A. Well, we used it to go through on foot and in vehicles and we used it to hang our clothes up. We had five clothes lines strung diagonally across this parcel—clothes line posts. And we had laid gas, water and sewer pipes through there." (3) That the justice of the superior court mentioned the claim in his decision in these words: "The Court: In cases of easement you have got to have a dominant and servient tenement, the dominant estate taking the benefit of the

advantage that the servient estate must yield whether it is a right of way on foot or teams, or gas mains or water mains." (4) That in 56 R. I. 208, this court discussed the claim in its opinion as follows: "In the instant case, on the contrary, it is clear from the evidence that the lot in question, over which the complainants now claim right of way, is precisely the same as the one to which in their former case they asserted title in fee by adverse possession; that it has not been separated in any perceptible way from the land owned by them in fee to which they now claim the right of way to be appurtenant; that they have used it constantly as an integral part of that land and not only for purposes of passage, but as a playground for their children, a drying yard for clothing, putting up across it for that purpose ropes, which would prevent it from being used for passage; and that they have thus and otherwise used it for purposes which are inconsistent with its use for a right of way and with any claim by them to an easement therein."

A careful reading of our entire opinion in that case will disclose that we considered and decided but one question, namely, whether or not the complainants had established by their evidence an easement of way. Indeed, the above quotation from the opinion, even culled from its context as respondents have offered it, indicates quite pointedly that we found complainants had used respondents' lot in a manner not tending to prove their claim of an easement of way. Only the very last clause, "and with any claim by them to an easement therein", would be open to the argument that we had considered any other easement, but that clause should be read in connection with the immediately preceding discussion of the complainants' evidence which clearly shows that the contest was over an alleged easement of way.

We are also of the opinion that neither complainants' quotation from the prior bill of complaint nor the quotation from the superior court's decision is sufficient to show that complainants' present claim of an easement is *res adjudicata*. The reference in each quotation to "water, gas and drain

pipes" does not show that the complainants were then claiming an easement of that nature in addition to their clearly alleged claim of an easement of way, or that the superior court understood that they were and undertook to pass upon it. Indeed, the complainants in the prior bill do not pray specifically for relief based on such a claim, but do pray specifically for the establishment of a right of way and for further specific relief in connection with such right of way.

Finally, it appears to us that the above-quoted testimony upon which respondents rely was not given to establish the specific easement that is claimed in the instant cause. In fact it appears in its context as a response to a question that related to incidents of complainants' alleged right of ownership of the land in question.

After careful consideration of the record in the prior cause, we are of the opinion that the bill of complaint therein was based on a clearly different cause of action from that in the instant cause. We are also of the opinion that the issue here involved was not in any way passed upon by the superior court in the prior cause; and we did not pass upon it.

The doctrine of *res adjudicata* does not apply to a subsequent proceeding based on a different cause of action unless the issues therein were both involved and passed upon in the former proceeding. *R. C. N. Mfg. Co.* v. *Whittaker,* 49 R. I. 449. Of course, where the cause of action is the same and the judgment in the former proceeding was rendered on the merits, it is a finality as to every issue that might have been raised therein as well as to those that were actually raised and decided. *Randall* v. *Carpenter,* 25 R. I. 641.

Before concluding this treatment of respondents' contention on the question of *res adjudicata,* we shall briefly notice one other point which they make in their brief. In denying complainants' motion for reargument in the prior cause, we made the following observation: "We are strongly of the opinion that no good purpose would be served by a reargument of the case on these grounds. Rather we think that justice requires that this long protracted litigation should

end sometime. It does not appear from the reasons set forth by the complainants in their motion that they will suffer any denial of justice if it is ended now." *Matteodo* v. *Ricci,* 56 R. I. 263. Respondents seem to argue that this observation has some application to the instant cause. It has not. It refers solely to the question of rearguing the issues then before us. Neither the maxim, *interest reipublicae, ut sit finis litium,* nor its companion, *nemo debet bis vexari pro una et eadem causa,* cited by the respondents can be properly invoked by them here. It is true that in the interest of the public there should be an end sometime to litigation, but it is also true that the law should step in and end litigation only where it clearly appears that the defendant is being twice sued for one and the same cause. That is the root of the doctrine of *res adjudicata.*

We come now to the question whether the complainants' evidence is sufficient to support their claim of a common-law easement of gas, water and drain pipes by prescription. It appears from the evidence that complainants' pipes have been in the respondents' land since before the year 1904; that their existence was known to these respondents and their predecessors in title; that they were repaired several times during this period; that on at least one occasion they were repaired by one of the respondents himself; that complainants never asked permission of anyone to keep the pipes in the ground nor for permission to go upon the land and repair them until the present controversy; and that they at all times claimed the right to have the pipes remain where they were without asking consent of anyone.

Apparently no objection was made to these pipes at the time complainants brought their suit to establish an easement of way over this same lot. *Matteodo* v. *Ricci,* 56 R. I. 208. At that time the complaint was that the respondents were objecting to such alleged *way* and were claiming the land as their own, free and unencumbered by any easement of *way* appurtenant to complainants' land. In January 1941, however, Pasco Matteodo, one of the complainants, re-

quested permission to go upon respondents' land to repair the drain pipe which had become clogged. According to the evidence this permission was given by John Pesce, one of the respondents, on condition that the complainants would remove the pipes when the frost was out of the ground. In accordance with this understanding between these two parties, Pasco Matteodo went on the land and repaired the drain. Whether or not he acted with authority to bind his co-complainants when he discussed this matter with John Pesce does not appear.

When spring came and the frost was fully out of the ground complainants took no steps to remove their pipes. Thereupon, on April 26, 1941, respondent John Pesce wrote complainant Pasco Matteodo demanding that he remove the pipes in accordance with his agreement. Receiving no answer to this letter and the demand not being complied with, respondents, through their counsel, by registered letter of June 13, 1941, addressed to complainants, informed them that they were going to build on lot 153 and would remove complainants' drain pipes therefrom if they did not remove them by July 1, 1941.

Complainants contended that they have established an easement in the respondents' lot by clear and satisfactory evidence and that the agreement between Pasco Matteodo and John Pesce, if it may be called an agreement, did not destroy such easement.

The evidence is uncontradicted that these pipes have been in the respondents' lot for over thirty years; that the complainants have claimed the right to have them there, without asking consent of anyone; and that their enjoyment of such service to their premises has been at all times apparent, notorious, continuous and exclusive. As we read the evidence, respondents do not contradict any claim of the complainants in this respect. The only evidence which they introduced had to do with what occurred in January 1941 and thereafter. We find, therefore, that the complainants have proved by clear and satisfactory evidence that at the

time, in January 1941, when Pasco Matteodo conferred with John Pesce about repairing the drain pipe, complainants had an easement of gas, water and drain pipes in respondents' lot 153 as alleged in their bill.

The next question is, does the evidence of the negotiations between Pasco Matteodo and John Pesce, and their conduct thereunder, require the conclusion that this easement was abandoned? We are of the opinion that it does not. Abandonment of an easement is a matter of intention. In order to establish such abandonment the evidence must show that the owners of the dominant tenement acted voluntarily and in so decisive a manner as to indicate clearly their intention to abandon and the reliance of the owners of the servient tenement upon such acts. *Gardiner Lumber Co.* v. *Graves*, 63 R. I. 345. There is no such evidence here.

The complainants' appeal is sustained, the decree appealed from is reversed. The parties may appear in this court on July 6, 1942, and present a form of decree, in accordance with this opinion, to be entered in the superior court.

*Vincent P. Marcaccio, Jr.*, for complainants.

*Judah C. Semonoff*, for respondents.