DONALD I. HARDING *vs.* THOMAS P. CARR.

HOWARD R. CHASE, JR. *vs.* SAME.

APRIL 21, 1948.

PRESENT: Flynn, C. J., Capotosto, Baker and Condon, JJ.

CONDON, J. These are actions of trespass on the case for negligence which, on defendant's motion, were dismissed by the superior court on the ground of res judicata as a result of the final decisions in *Chase, Jr.* v. *United States Fidelity & Guaranty Co.* and *Harding* v. *same,* 73 R. I. 51. In each case the plaintiff excepted to the dismissal of his action and has prosecuted a bill of exceptions to this court.

The grounds of each exception are identical. We shall, therefore, hereinafter discuss such grounds as though they were based upon a single bill of exceptions brought by one of these plaintiffs. Those grounds are: first, that defendant's motion to dismiss was not an appropriate pleading by which to raise the question of res judicata; and, second,

that the issue in the prior action was not the same as the issue in the case at bar and therefore was not decided in this action.

The first ground is merely procedural but plaintiff strongly urges that he is prejudiced by reason of the fact that he was deprived of an opportunity to reply to the facts set out in the defendant's motion to dismiss. The proper way to raise the question of res judicata is by plea unless the facts relied on appear in the declaration, in which case it is by demurrer. We know of no case in this state which authorizes a motion to dismiss to take the place of a proper plea. In *Nardolillo* v. *Carroll,* 70 R. I. 133, no objection was raised to the motion to dismiss and therefore the point which the plaintiff makes in the case at bar was not considered.

Such a motion is not proper in the pleading stage of an action at law according to the course of common-law pleading. *Collins* v. *Shepherd,* 71 R. I. 469. See also *Sayles* v. *McLaughlin,* 63 R. I. 271. In the *Collins* case we treated the motion as a demurrer. Here we cannot do that for two reasons: first, because the motion here is more in the nature of a plea in that it sets out facts not appearing in the declaration; and, second, because the plaintiff at the hearing before us insisted that he was entitled to file a replication and that he had facts to plead which would avoid the defendant's claim that the decision in the prior action rendered the issue in the case at bar res judicata. We think the plaintiff's objection to the motion to dismiss should have been sustained.

The fact that the pleadings were closed when the decision in the prior action was filed does not alter the case. Defendant was entitled to plead *puis darrein continuance.* The practice of thus pleading specially has been approved by this court. See *Paine* v. *Schenectady Ins. Co.,* 11 R. I. 411. By requiring defendant to file a plea of res judicata the plaintiff is afforded an opportunity to demur, or to reply by alleging further facts admitting the decision or judg-

62

ment and showing that the issue before the court in the case at bar was never actually involved in the prior action. And in support of such a replication he might offer evidence dehors the former record. *Paine* v. *Schenectady Ins. Co.,* 12 R. I. 440. See also *Jepson* v. *International Fraternal Alliance,* 17 R. I. 471, and *Flynn* v. *Gorman,* 22 R. I. 536.

On our view of plaintiff's first ground of his exception there is no need to consider his second ground.

The plaintiff's exception in each case is sustained, and each case is remitted to the superior court for further proceedings in accordance with this opinion.

*Sherwood & Clifford, Sidney Clifford, Raymond E. Jordan,* of Counsel, for plaintiffs.

*Francis V. Reynolds,* for defendant.