210 A.2d 646.

FRANK J. SCULLIAN, JR. *vs.* GLADYS FINLEY.

JUNE 7, 1965.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

CONDON, C. J. This is an action of assumpsit which was tried to a justice of the superior court without a jury and resulted in a decision for the defendant for costs. The case is here on the plaintiff's bill of exceptions to an evidentiary ruling and to such decision.

The declaration is in a single count as follows:

"For that the defendant at the place aforesaid, on the day of the issuance of the within writ, being justly indebted to the plaintiff in the sum of $4,000.00 for certain goods, wares and merchandise, to wit, one portable diner together with tractor therefor and cooking equipment and utensils located therein, there before that time sold and delivered by the plaintiff to the defendant at the special instance and request of the defendant and for monies due and owing from the defendant to the plaintiff then and there in consideration thereof promised the plaintiff to pay him the said sum of money on request the which sum

though often requested the defendant has hitherto refused and still does refuse to pay."

The defendant pleaded non assumpsit and the trial proceeded on that issue. At the trial plaintiff presented no evidence but moved that the record in Howard I. Frederickson v. Anthony Petrucci et al., superior court Equity No. 26,711, be admitted in evidence as an exhibit. There being no objection thereto the trial justice ruled that he would take judicial notice of that record.

Prior to such ruling defendant had requested the trial justice to admit the record in Frank J. Scullian, Jr. v. Howard I. Frederickson, superior court Law No. 161,384. That record was received on the same basis as Equity No. 26,711. The plaintiff thereupon moved that defendant's plea of puis darrein continuance in Law No. 161,384 be admitted as an exhibit in his, plaintiff's, case. On defendant's objection the court denied the motion but observed that since such plea was among the papers in Law No. 161,384, of which he would take judicial notice, he would consider the plea "For what it is worth."

The plaintiff duly excepted to such ruling and in support thereof argued here that admission of the plea was a necessary part of his case as proof that the chattels referred to in the plea were the same as those described in the declaration in the case at bar. There is no merit in such exception. The plaintiff suffered no prejudice by the ruling since the trial justice had already stated that he would consider the plea as one of the papers in Law No. 161,384 which he had already ruled would be accorded judicial notice. In any event plaintiff could have suffered no prejudice by the denial of his motion since the identity of the chattels in the case at bar and in Law No. 161,384 was not questioned by defendant. The plaintiff's first exception is therefore overruled.

The second exception is to the decision of the trial justice on the merits. In order to understand the controversy

which he was called upon to decide it is necessary to describe the content of the record before him as a result of the admission in evidence by way of judicial notice of the record in Equity No. 26,711 and Law No. 161,384. Equity No. 26,711 is a petition to enforce a common-law lien under G. L. 1956, chapter 35 of title 34. In accordance with the prayer of the petition which was taken as confessed an order of sale of the chattels in question was entered and a sale held to satisfy the lien. As a result of the sale a Mr. Theodore Vitucci took possession of the dining car trailer and placed it upon his land. Vitucci deceased intestate and the chattels thereupon by operation of law came into the possession of his widow, now Gladys Finley, defendant in the case at bar.

Law No. 161,384 is an action of trover and conversion brought by Frank J. Scullian, Jr. against Howard I. Frederickson, the petitioner in Equity No. 26,711. This case was tried before a justice of the superior court without a jury and was decided in favor of the defendant for costs. At the trial the plaintiff had contended that the sale in Equity No. 26,711 was illegal and void in violation of his rights under the fourteenth amendment to the federal constitution and that the defendant Frederickson had converted his, the plaintiff's, property by selling it to Vitucci.

The trial justice in that case rejected Scullian's contention that the proceedings under chapter 35 of title 34 were illegal and expressly held that there was no merit in his claim that the sale to Vitucci was void, saying in his decision: "In the first place he claims them to have been unconstitutional as being in violation of the Fourteenth Amendment to the Constitution of the United States in that they deprived him of his property without due process of law, he being the owner and the defendant having no lien for storage against him. The Court however finds that he knew that the property had been stored with the defend-

ant, at least for the last two years and accordingly the plaintiff not being in a position to deny defendant rightful storage at least for that period, with the result that some money became due for storage." On this point the court concluded: "It follows therefore that no demand having been made upon the defendant and the sale being legal no conversion took place."

Since the plaintiff did not press an exception to that decision the question of the legality of the sale in Equity No. 26.711 having been expressly raised and decided the point thereafter became res judicata. *Matteodo* v. *Pesce,* 68 R. I. 188. Therefore in the case at bar the trial justice was justified in holding as he did that: "An examination of the evidence here and of the pleadings and decrees and decisions in Law No. 161,384 and Equity No. 26.711 shows that plaintiff here did not on the date of the alleged conversion have general title to the chattels in question. Not having general title and not claiming any special title or interest, his proof therefore fails." The exception to the decision is overruled.

All of the plaintiff's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Pontarelli & Berberian, Aram K. Berberian,* for plaintiff.

*Hendel, Strauss & Surdut, Raymond J. Surdut, Maurice W. Hendel,* for defendant.