362 A.2d 147.

LEROY W. ARMSTRONG *vs.* VIRGINIA D. ARMSTRONG.

AUGUST 20, 1976.

PRESENT: Bevilacqua, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

JOSLIN, J. This is a civil action wherein the plaintiff, alleging mutual mistake of fact, seeks to enjoin the defendant from foreclosing a mortgage on his property and in addition to cancel or reform that mortgage and accompanying instruments. In the Superior Court the defendant moved for summary judgment on the ground that the same issues presented in this case had previously been litigated in the Family Court by the same parties, and when that motion was granted, the plaintiff appealed.

A description of the somewhat tortuous path of the litigation that culminated in the summary judgment entered in this proceeding is necessary. The starting point was the divorce of the parties in the Family Court on May

84

9, 1972. The final decree in that case awarded custody of the minor children to defendant, and stated that plaintiff's obligation to provide for the support of his divorced wife and their children was "* * * governed by a property settlement agreement * * * which * * * is approved and is incorporated by reference and attached hereto and made a part hereof, and * * * by a Memorandum of Understanding * * * which is incorporated by reference and made a part hereof, and therefore, there will be no express order for support by Decree."

The memorandum of understanding disclosed that plaintiff had delivered to defendant a promissory note in the principal amount of $288,000 payable in sixteen annual installments of $18,000 each; that the note was secured by a mortgage on a nursing home then owned by plaintiff but previously owned jointly by him and defendant; that the stipulated payments on the note were in part for the purchase of defendant's interest in the nursing home and "substantially for alimony and support of the minor children"; and that plaintiff's obligation on the note was considered a liability of the nursing home thereby making the payments thereon reimbursable "by the governmental authorities participating, in the support of the Nursing Home."

When plaintiff failed to make the required payments, defendant initiated foreclosure proceedings. The plaintiff responded by commencing this litigation and in the complaint filed in the Superior Court on March 22, 1974, he alleges that he was unable to make the stipulated payments in full by reason of the state's refusal to recognize those payments as reimbursable nursing home expenses, that both defendant and he had been mutually mistaken in believing that the state would allow those payments as nursing home operating expenses, and that in the circumstances it would be unconscionable to permit the mort-

gage to be foreclosed and not to cancel or reform the several agreements referred to in the memorandum of understanding.

The defendant, who by that time had become a resident of Florida, removed the case to the United States District Court for the District of Rhode Island which on July 17, 1974 dismissed the complaint on jurisdictional grounds. On appeal, that dismissal was sustained and the case was remanded to the Superior Court. *Armstrong* v. *Armstrong*, 508 F.2d 348 (1st Cir. 1974).

In the meantime, on May 13, 1974, plaintiff had commenced an action in the Family Court seeking a modification of the alimony and support obligations provided for by the divorce decree of May 9, 1972. The basis for his petition was "* * * a substantial change in circumstances on [his part] and further that there was a mutual mistake of fact upon one of the basic and essential elements which formed [the agreements incorporated in the decree] namely, that certain monies would be reimbursed to [him] by the State of Rhode Island." Additional grounds asserted were that one of the parties' children was now living with him and that a second child wished to do likewise. These allegations, plaintiff asserted, justified a modification of the divorce decree and an injunction against foreclosing the mortgage on the nursing home.

After several hearings, the Family Court on July 25, 1974 dismissed plaintiff's petition and vacated an earlier ex parte order restraining foreclosure. Thereupon, plaintiff, seeking review of that order, petitioned this court on August 2, 1974 for a writ of certiorari and on August 9, 1974 filed a notice of appeal in the Family Court. On October 4, 1974 we denied the petition for certiorari because the same issue sought to be reviewed could also be reviewed on appeal. *Armstrong* v. *Armstrong*, 113 R. I. 952-53, 326 A.2d 23 (1974). At that point, plaintiff re-

turned to the Family Court where he again sought a stay of the foreclosure sale. His request was denied, but simultaneously the Family Court, acting on defendant's motion, dismissed plaintiff's then pending appeal because of his noncompliance with pertinent procedural requirements. We affirmed. *Armstrong* v. *Armstrong,* 115 R. I. 144, 341 A.2d 37 (1975).

Prior to that affirmation, defendant moved for summary judgment in the pending Superior Court action on the ground that plaintiff was seeking to be heard anew on an action which had already been fully litigated on its merits in the Family Court and dismissed on July 25, 1974. The trial justice agreed, the defendant's motion was granted, and judgment for defendant was entered.

The plaintiff does not dispute the principles that summary judgment is the proper vehicle for disposing of an action barred by res judicata, *Air-Lite Prods., Inc.* v. *Gilbane Bldg. Co.,* 115 R. I. 410, 423, 347 A.2d 623, 630 (1975); 1 Kent, *R. I. Civ. Prac.* §56.4 at 420 (1969); that a judgment may be given res judicata effect even though that judgment is the subject of an appeal, *Perez* v. *Pawtucket Redev. Agency,* 111 R. I. 327, 336-38, 302 A.2d 785, 791-92 (1973); that a judgment, if final and rendered on the merits in a prior proceeding, is conclusive not only on the issues raised and determined, but also on every issue which might properly have been litigated and decided therein, *Air-Lite Prods., Inc.* v. *Gilbane Bldg. Co., supra* at 422, 347 A.2d at 630; *Corrado* v. *Providence Redev. Agency,* 113 R. I. 274, 277, 320 A.2d 331, 332 (1974); *Goloskie* v. *Sherman,* 108 R. I. 730, 732-33, 279 A.2d 409, 411 (1971); that a judgment dismissing an action because of lack of subject matter jurisdiction is not considered a judgment upon the merits, *American Guar. Corp.* v. *United States,* 401 F.2d 1004, 1005-06 (Ct. Cl. 1968); *see Thomas* v. *Consolidation Coal Co.,* 380 F. 2d 69, 84, *cert.*

*denied,* 389 U.S. 1004, 88 S.Ct. 562, 19 L.Ed.2d 599 (1967); James, *Civil Procedure* §11.17 at 573 (1965); Restatement, *Judgments* §49, comment *a* at 194 (1942); and that the doctrine of res judicata is not rendered inapplicable because the action wherein the claim is invoked was commenced before the rendition of the judgment or before the commencement of the action in which the judgment was rendered, *see Haines* v. *Pigott,* 174 Cal. App.2d 805, 807, 345 P.2d 339, 340 (Dist. Ct. App. 1959); Restatement, *Judgments, supra* §43. The plaintiff apparently also agrees that the Family Court case invoked as the basis for defendant's res judicata claim involves the same parties and the same issues as does this case. That identity is, of course, an essential without which res judicata is inapplicable, *Air-Lite Prods., Inc.* v. *Gilbane Bldg. Co., supra* at 422, 347 A.2d at 630; *Corrado* v. *Providence Redev. Agency, supra* at 277, 320 A.2d at 332.

The plaintiff's attack on the judgment, then, is not on any of the grounds where he at least impliedly concedes the law is against him, but focuses instead on circumstances which he claims brings this case within an exception of the doctrine of res judicata. He describes those circumstances as "* * * the agreement of the parties and the actions of the parties to try their cases piecemeal and to participate actively in the Federal Court * * *."

The view we take of this case, however, makes it unnecessary for us to pass on the validity of the asserted exception, and, assuming its validity, its appropriateness in this case. In our opinion the Family Court justice's dismissal of the plaintiff's petition does not qualify as a "final judgment rendered on the merits." This is not immediately apparent from a perusal of the decree inasmuch as it contains only the single finding that the final decree in the divorce proceedings contains "no express order for support by [plaintiff]." In an attempt to infuse mean-

ing, we have examined the pertinent record comments of the trial justice and of counsel. They are set out in the margin,[1] and a careful reading clearly indicates that the underlying rationale for the dismissal is that in the trial justice's

[1] During a hearing on defendant's motion to vacate an ex parte restraining order previously entered, for example, the Family Court justice observed as to the parties' property settlement agreement that "[e]ven though it is made a part of the decree of the court, they cannot come in and change what they said they were going to do between the parties." With respect to the fact that the matter was presently being adjudicated in federal court he remarked: "Well, I think that is the way it's got to be because of the — because any agreement that is made between the parties, then, it's a breach of contract and it goes—between the parties, it goes somewhere else."

At a subsequent hearing he stated: "The entire record is here. The original property settlement, and the memorandum of understanding is here. All you have to do is read your decree. And when you read the decree you'll find out, from my understanding of the whole record, that there is nothing before this Court to pass upon the modification." And: "Because of the decree excluding, there will be no expressed order for support by the decree. Now, it's excluded, so I can't consider—I don't see how I can consider it. * * * I'll deny the motion to modify." The following colloquy also took place at the hearing:

"Mr. Flynn: The Court has ruled on—on the question that you denied the petition to modify, your Honor, that's based, essentially, upon the question that there's nothing before this Court in which to modify, isn't that a fact?

"The Court: I'm saying there is nothing in this decree to order me to modify it with respect for support.

"Mr. Flynn: It isn't a question of ruling that the petitioner, Mr. Armstrong, has failed to satisfy the burden of proof to show that he's entitled to a petition to modify, so that there is nothing before this Court to modify?

"The Court: I don't know just how to answer that now, because if — I really don't know what you are trying to say.

"Mr. Flynn: Well, I just want to limit . . .

"The Court: What are you trying to say?

"Mr. Flynn: I want to determine the basis of the ruling of this Court.

"The Court: Now, the question of whether or not the petition to modify—what the Court is saying is, it's not before the Court. There's nothing for the Court to modify. There's nothing in this decree, as far as I can see, which says anything about support. That's the way I see it."

opinion the subject matter was not within the Family Court's jurisdictional competence. Hence, the dismissal was not on the merits and res judicata was unavailable as the foundation for summary judgment in the Superior Court.

The plaintiff's appeal is sustained, the judgment appealed from is reversed, and the case is remitted to the Superior Court for further proceedings.

Motion of defendant to reargue denied.

*James P. Flynn,* for plaintiff.

*Abedon, Stanzler, Biener, Skolnik & Lipsey, Milton Stanzler,* for defendant.