**Alex BOTTOS, Jr., Plaintiff,**

v.

**Alfred J. PIVARNIK et al., Defendants.**

**No. H 77–277.**

United States District Court,
N.D. Indiana,
Hammond Division.

May 28, 1982.

pro se, East Chicago, Ind., Jason L. Horn, Hammond, Ind., for defendants.

## ORDER

SHARP, Chief Judge.

This cause is before the Court on the petition of the plaintiff for an injunction, filed herein on April 10, 1979, and on the motions of the defendants to dismiss the complaint. For the reasons stated below, plaintiff's petition will be denied, and the defendants' motions to dismiss the complaint will be granted.

Plaintiff initiated this action on August 12, 1977, charging the defendants herein, their wives, and Chief Justice Richard M. Givan of the Supreme Court of Indiana, with unlawful conspiracy to violate his constitutional rights in connection with a contempt citation issued by then Porter County Circuit Judge Alfred J. Pivarnik and with a default judgment obtained against him in Lake County Superior Court, then Lake County Judge James Moody presiding.

Plaintiff sought review of both his state court judgments, raising the same issues that he seeks to litigate in this suit. The appeal of the decision in *Ruman v. Bottos*, 475–1495, was dismissed by the Court of Appeals of Indiana on March 17, 1977, rehearing was denied on April 19, 1977, and the Supreme Court of Indiana denied transfer on July 25, 1977. The Supreme Court of the United States denied certiorari on November 8, 1977. Judge Raymond Kickbush of the Porter Superior Court denied plaintiff's motion to reconsider the contempt conviction on September 18, 1978, in *Portage National Bank v. Scaggs*, 75–PSC–1233.

From the time he filed his suit until the present, plaintiff has failed to bring the suit forward, while actively resisting attempts of defendants to obtain discovery. He failed to appear at duly noticed depositions on October 21, 1977, March 29, 1978, and October 9, 1978. He moved to suppress a

Gordon J. Arnett, Chicago, Ill., for plaintiff.

Robert L. DeLoney, Gary, Ind., Saul I. Ruman, Hammond, Ind., Linley E. Pearson, Atty. Gen., of Indiana, Indianapolis, Ind., John E. Hughes, Valparaiso, Ind., Robert A. Welsh, Chesterton, Ind., Richard J. Lesniak,

deposition ordered by the court on February 20, 1978. He failed to produce documents as ordered by the court on October 20, 1977. He petitioned the Court for a stay of proceedings on May 4, 1978. On October 3, 1978, he filed a "notice" that he would not appear for any proceedings until execution of the contested contempt conviction and arrest warrant issued by the Porter County Court was barred by an appeals court. Finally, on April 10, 1979, he petitioned this Court to enjoin "any individuals" from interfering with his freedom of movement "anywhere in the Seventh Circuit" while he is engaged in work on his various lawsuits. His counsel states in the petition that Bottos "does not dare pursue his Indiana litigation for fear of the possibility of an outstanding warrant, or of arrest without a warrant and without probable cause."

■ The Supreme Court of the United States has severely restricted the power of federal courts to enjoin enforcement of state criminal statutes. In *Judice v. Vail*, 430 U.S. 327, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977), the Court applied the so-called *Younger* doctrine of abstention to state contempt proceedings, both civil and criminal as well. Plaintiff herein has already had an opportunity to litigate all of his state and federal claims in the Indiana state courts, and to apply for review of said rulings by the Supreme Court of the United States.

By commencing this civil rights suit in federal court after the adverse ruling of the (state court) and before the United States Supreme Court has had an opportunity to rule on this matter, the plaintiff seeks to thwart the final state court judgment by relitigating in a trial *de novo* the very issues that had been litigated in the state trial court and on appeal. *Adkins v. Underwood*, 370 F.Supp. 510, (N.D.Ill. 1974).

Because these issues were decided against him in the state courts, and by the Supreme Court of the United States, this Court is especially loath to stay enforcement of a facially constitutional conviction. There-

fore, plaintiff's petition for an injunction will be denied.

■ A federal court has the power to dismiss a cause for failure to prosecute or to comply with orders of the court. *National Hockey League v. Metro Hockey Club, Inc.*, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976). This inherent power of the court is "necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629–30, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962). For nearly five years, the plaintiff has done virtually nothing to bring forward his suit but rather impeded its progress by resisting discovery. *Moore v. Telfon Communications Corp.*, 589 F.2d 959 (9th Cir.1978). His excuses for failing to appear for depositions range from composing briefs for other lawsuits, to an ultimatum that he will not appear for any proceeding unless this Court issues a blanket injunction giving him safe conduct throughout the Seventh Circuit. He has invoked the Fifth Amendment in connection with producing any evidence of the alleged corruption which lies behind the defendants' "conspiracy." Where a plaintiff uses the Fifth Amendment as both a sword and a shield to impede legitimate discovery, the Court is justified in dismissing his complaint. *Kisting v. Westchester Fire Insurance Co.*, 290 F.Supp. 141, 149 (W.D.Dis. 1968), *aff'd*, 416 F.2d 967 (7th Cir.1969). See also, *Hindmon v. National-Ben Franklin Life Ins. Co.*, 677 F.2d 617 (7th Cir.1982).

■ The Court finds that the plaintiff has not conducted this litigation in good faith and with due diligence. He has offered his pleadings for sale, has disobeyed discovery orders, failed to appear for depositions, and repeatedly filed scandalous and irrelevant material with the Court. Apart from requesting a document already in the file, he has initiated no discovery nor taken other affirmative action in prosecuting his suit. The total factual context indicates a

lack of prosecutive intent on plaintiff's part. *Beshear v. Weinzapfel,* 474 F.2d 127, 131 (7th Cir.1973).

It is therefore ORDERED that plaintiff's petition for an injunction be and hereby is DENIED. It is further ORDERED that the plaintiff's amended complaint be and hereby is DISMISSED.

On December 20, 1977, the defendant, Saul Ruman, filed a counterclaim seeking injunctive and compensatory relief for plaintiff's alleged defamation and interference with his practice of law. In *Owen Equipment and Erection Co., v. Kroger,* the Supreme Court affirmed that this court has discretion to retain or reject jurisdiction over state-law claims once all federal claims in a suit are dismissed, taking into account "considerations of the judicial economy, convenience and fairness to the litigants." 437 U.S. 365, 368, 371, n. 9, 98 S.Ct. 2396, 2399, 2401, n. 9, 57 L.Ed.2d 274 (1978), quoting *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). Where, as here, the federal claims have been dismissed far prior to trial, neither judicial economy nor convenience are served by retaining ancillary jurisdiction over the counterclaim. *Great Horizons v. Mass. Mut. Life Ins. Co.,* 457 F.Supp. 1066, 1082 (N.D.Ind.1978), *aff'd without opinion,* 601 F.2d 596 (7th Cir.1979).

Accordingly, it is FURTHER ORDERED that the counter claim of the defendant, Saul Ruman, be and hereby is DISMISSED for lack of jurisdiction.