Roy P. BRIEHLER, et al.

v.

SYLVIA'S, INC., et al.

Civ. A. No. 83-0173 P.

United States District Court,
D. Rhode Island.

May 17, 1985.

Roy P. Briehler, pro se.

John Walsh, William Landry, John Graham, III, Providence, R.I., Kathleen Managhan, Newport, R.I., for defendants.

## OPINION AND ORDER

PETTINE, Senior District Judge.

Plaintiffs Roy P. Briehler, Briehler Properties, Inc., and Roy Briehler's of New Jersey brought this action for damages allegedly suffered in connection with a 1983 constable's sale of plaintiffs' ship. Nine named individuals, as well as "John and Mary Does, I through X" are defendants. The matter is currently before the Court on the Magistrate's Report and Recommendation that the action be dismissed under Fed.R.Civ.P. 41(b), and motions by various defendants for summary judgment and/or a stay. For the reasons set forth below, I accept the Magistrate's recommendation that this action be dismissed and, accordingly, need not rule on the remaining motions.

## BACKGROUND

In order to understand the current posture of this action, it is useful to review some of its pertinent background. The constable's sale at issue was held in February, 1983, to satisfy an unpaid judgment against Roy Briehler (and another corporation not a party to the current action). That judgment was rendered by the Newport County District Court in 1982. Sold at this sale were plaintiffs' ship, as well as property on it belonging to either plaintiffs or to Katherine Worthington, a plaintiff in another action in this District that arises out of the same constable's sale.[1] After the sale, Roy Briehler and the corporate plaintiffs here brought a lawsuit in the

---

1. That action, *Katherine A. Worthington v. Jerry L. McIntyre, et al.*, C.A. No. 83-0335, is pending before Judge Bruce M. Selya.

Rhode Island Superior Court against four of the defendants named in the present case. The state court action, which sought injunctive relief, alleged that the sale was void on a number of grounds. Chief among these grounds were that Roy Briehler, the judgment debtor in the original Newport County District Court action, was not the owner of the ship sold at the sale; that plaintiffs did not receive adequate notice of the sale; and that the sale price was grossly inadequate. Following a three week trial, the Superior Court found that the sale was proper and ruled against plaintiffs on all claims. An appeal of that judgment is now pending before the Rhode Island Supreme Court.

Shortly before commencing the Superior Court litigation, plaintiff Roy Briehler had instituted this action, naming as defendants all those named in the state court action, as well as several others. In March, 1984, Briehler amended his complaint to add as plaintiffs Briehler Properties, Inc. and Roy Briehler's of New Jersey. In that four count amended complaint, plaintiffs allege a conspiracy to deprive them of their constitutional rights to the due process of law; conversion of their property; interference with their contractual rights; and malicious abuse of process.

From the time this action was originally instituted, Roy Briehler has, in his individual capacity, appeared pro se. The corporate plaintiffs, on the other hand, were, for a period of time, represented by counsel. In May, 1984, however, their counsel withdrew his appearance. At that time, plaintiffs sought, and this Court granted, sixty days in which to retain new counsel. It was agreed at that time that no hearings on the defendants' motions then pending would be set down until after the sixty day period, in which Briehler was to secure representation for the corporate plaintiffs.

To date, those plaintiffs remain unrepresented.

In November, 1984, by order of Judge Selya, before whom Katherine Worthington's action is pending, the Magistrate called a settlement conference for the two cases. That conference was to be held on November 14, 1984. Although the sequence of events that followed the scheduling of the conference is set forth fully in the Magistrate's Report and Recommendation, I will summarize what ensued.

On the morning that the conference was to be held, Briehler telephoned the Magistrate to inform him that he was in Florida, had only just received notice of the conference, could not attend the conference in any event because there was an outstanding warrant for his arrest in Rhode Island,[2] and could be contacted during the conference at either of two telephone booths. Briehler was ordered by the Magistrate to appear at a rescheduled conference to be held on November 19. On November 16, Briehler contacted the Magistrate's office to say that, in view of the outstanding arrest warrant, he could not personally come into the state and that, notwithstanding his efforts, he had been unable to retain counsel. The Magistrate advised him that he was under order to appear on November 19, either personally or through an attorney representing him, and that failure to comply would subject him to serious consequences.

On November 19, plaintiff Briehler failed to appear. Attorney Manuel Kyriakakis was present on his behalf, but Kyriakakis indicated that he had been contacted late the previous day about the matter and could not represent Briehler without first fully reviewing the case. Because Kyriakakis could not proceed, the plaintiffs remained essentially unrepresented.[3] The

---

2. The docket sheet in this case bears an October 19, 1984 entry reflecting "Criminal Complaint for Trespass upon the lands of another, State of R.I. and Town of Jamestown v. Roy P. Briehler."

3. As the Magistrate's Report states, at page 4, Attorney Kyriakakis indicated on November 20 that he would not be entering an appearance on behalf of Briehler unless he was given settlement authority. On November 26, Kyriakakis wrote the Magistrate to inform that he would not be representing Briehler.

conference was cancelled, in light of Briehler's continued absence.

On the basis of the above events, the Magistrate concluded that "Briehler did not just fail to appear because of some mistake or inadvertence but considering the reasons communicated to the Court for his failure to appear, adamantly refused to appear," Magistrate's Report and Recommendation, at 5, and, as such, had displayed a "reckless disregard for the Court's authority," *id.* The Magistrate accordingly recommended that the plaintiffs' claim be dismissed under Fed.R.Civ.P. 41(b), or in the alternative, that sanctions be imposed in the form of attorneys' fees to defendants. Plaintiffs have objected to the Magistrate's recommendations and have filed a supporting memorandum.

■ Federal Rules of Civil Procedures 41(b) permits dismissal of an action "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of the court." [4] In construing the authority conferred by this rule, the First Circuit has said:

"A district court unquestionably has the authority to dismiss a case with prejudice for want of prosecution; this power is necessary to prevent undue delays in the disposition of pending cases, docket congestion, and the possibility of harassment of a defendant. *See Link v. Wabash R. Co.,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); 9 Wright & Miller, Federal Practice and Procedure § 2370 at 199. Because of the strong policy favoring the disposition of cases on the merits, *see Richman v. General Motors Corp.,* 437 F.2d 196, 199 (1st Cir.1971), we, and federal courts generally, have frequently warned that dismissals for want of prosecution are drastic sanctions, which should be employed only when the district court, in the careful exercise of its discretion, determines that none of the lesser sanctions available to it would truly be appropriate. *See Asso-*

*ciation de Empleados v. Rodriguez Morales,* 538 F.2d 915 (1st Cir.1976); *Richman v. General Motors Corp., supra. See also Durgin v. Graham,* 372 F.2d 130, 131 (5th Cir.1967). But we have not hesitated to affirm dismissals of suits for want of prosecution in the appropriate cases. *See Pease v. Peters,* 550 F.2d 698 (1st Cir.1977); *Association de Empleados v. Morales, supra; cf. Louis Forteza e Hijos, Inc. v. Mills,* 534 F.2d 415 (1st Cir.1976)."

*Colokathis v. Wentworth-Douglass Hospital,* 693 F.2d 7, 9 (1st Cir.1982) (quoting *Medeiros v. United States,* 621 F.2d 468, 470 (1st Cir.1980) (quoting *Zavala Santiago v. Gonzalez Rivera,* 553 F.2d 710, 712 (1st Cir.1977)). The question of dismissal in this case, which principally involves a failure to comply with an order of the court, rather than a strict "failure to prosecute," is governed by the same standards, *see, e.g., Link v. Wabash R. Co., supra,* (failure to appear at pretrial conference); *Association de Empleados, et al. v. Rodriguez Morales, supra,* (failure to file brief); 5 J. Moore's Federal Practice, ¶ 41.12 at 41–152 (1984), and is likewise a matter committed to the court's discretion, *see Damiani v. Rhode Island Hospital,* 704 F.2d 12, 17 (1st Cir.1983) (collecting cases); *Corchado v. Puerto Rico Marine Management, Inc.,* 665 F.2d 410, 413 (1st Cir.1981). I am sensitive to the policy favoring disposition of cases on their merits and do not take a Rule 41(b) dismissal lightly. Having carefully reviewed the record in this case, however, I conclude that the action should be dismissed.

■ First, the record reflects the fact that plaintiff Briehler rather cavalierly disobeyed the Court's authority. He failed to appear at the first conference, telephoning in his excuse on the morning of that conference. Notwithstanding the Magistrate's clear order as to the second conference, he again failed to appear. And little was accomplished by sending Attorney Kyriakak-

---

**4.** While, by its terms, the rule speaks of dismissal by defendant's motion, it is well-settled that a court may dismiss *sua sponte. See* 5 J.

Moore's Federal Practice, ¶ 41.12, at 41–154 (1984) (collecting cases).

is on the second date, because he lacked both the authority and the inclination to proceed on plaintiff's behalf. Under the circumstances, the mere gesture of sending Kyriakakis hardly constituted good faith compliance with the Court's order. Briehler now protests that either Katherine Worthington, to whom he had given a power of attorney, or Kyriakakis, could have contacted him by telephone to discuss matters under consideration. The Magistrate had told Briehler from the beginning, however, that he would not hold a settlement conference under such circumstances. It was unreasonable for Briehler to assume that, simply by sending an attorney without authority to the conference, he could somehow oblige the Magistrate to do so. Litigants and their counsel do and should bear an obligation to proceed in good faith at pretrial conferences. Among the recognized objectives of such conferences is the facilitation of pretrial settlement. *See* Fed. R.Civ.P. 16(a)(5). I find that plaintiff Briehler's conduct fell far short of discharging his obligation.[5]

Second, Briehler's refusal to come into the state of Rhode Island has implications that plainly transcend the matter of the missed settlement conferences. Through his communications with the Magistrate and his memorandum in opposition to the Magistrate's recommendation, Briehler has made it clear that he does not believe that he should be compelled to come into the state while the warrant for his arrest remains outstanding. Such a refusal on plaintiff's part puts the Court in an impossible position with respect to scheduling any future conferences, hearings or proceedings of any kind in this case, and cannot be tolerated in this era of congested dockets. *See Bottos v. Pivarnik,* 98 F.R.D. 416 (N.D.Ind.1982), *aff'd,* 714 F.2d 147 (7th Cir.1983) (upholding dismissal under Rule 41(b) where plaintiff, *inter alia,* refuses to enter Indiana because of outstanding arrest warrant). And while plaintiffs' memorandum makes a number of conclusory allegations as to a "conspiracy" to obtain this arrest warrant between some of the defendants in this action and the Town of Jamestown, which is a defendant in another action brought by Briehler pending before this Court,[6] absent any factual showing or indicia of credibility to support these bare allegations, I will not inquire into a warrant duly executed by the authorities of this state.

Third, Briehler has not yet retained counsel for the corporate plaintiffs. "[A]lthough an individual has a statutory right to represent himself in federal court even if he is not a lawyer, 28 U.S.C. § 1654, a corporation may be represented only by licensed counsel." *In re Victor Publishers, Inc.,* 545 F.2d 285, 286 (1st Cir.1976) (collecting cases) (affirming district court's dismissal under Rule 41(b) for corporate plaintiff's failure to retain counsel). This rule is a well established feature of American jurisprudence, *see, e.g., Osborn v. Bank of United States,* 9 Wheat. 738, 830, 6 L.Ed. 204 (1824) (Marshall, C.J.) and, as the First Circuit has explained, is not ordinarily subject to exception. *See In Re Las Colinas Dev. Corp.,* 585 F.2d 7, 11–12 (1st Cir.1978). Nor am I inclined to make an extraordinary exception in the circumstances of this case, where plaintiff has had nearly one year to secure the required representation. As in *Victor, supra,* Briehler's failure to do so weighs heavily in favor of a dismissal under Rule 41(b).

Briehler now argues that he has contacted numerous Rhode Island law firms, all to no avail, and should not, thus, be forced to bear the consequences. While I will not speculate as to why he has met with no success in his efforts, I do note that, in

---

**5.** A plaintiff's *pro se* status is a factor to be weighed in the decision whether to dismiss under Rule 41(b). *See* 5 J. Moore's Federal Practice, ¶ 41.12, at 41–15 (1984). Where, as here, however, the plaintiff is experienced in litigation, *see* Magistrate's Report and Recommendation, at 5; was apprised of the likely conse-

quences of failing to appear; and disobeyed the court's order willfully, rather than by mistake or inadvertence, I conclude that special indulgence is neither warranted nor appropriate.

**6.** *Roy P. Briehler v. Town of Jamestown, et al.,* C.A. No. 84–0230.

certain circumstances, I might be inclined to appoint counsel for a plaintiff so situated. Having completed a preliminary review of some of the substantive legal issues raised in this case, however, I do not believe that these are appropriate circumstances for such a disposition. Plaintiffs' allegations, on their face, appear to be of little merit. Indeed, it appears that much of Briehler's claim may already have been litigated. Based on the action brought in state court, and the decision rendered against plaintiffs there, it appears likely that, notwithstanding the new causes of action asserted and remedies sought here, the doctrine of claim preclusion may well bar suit in this Court against the defendants who prevailed in the prior action. *See, e.g., Griffin v. State of Rhode Island,* 760 F.2d 359 (1st Cir.1985) (under Rhode Island law, where parties are identical, final judgment rendered on the merits in state court action is conclusive in subsequent federal civil rights action not only as to matters that were actually raised and determined, but as to all matters that could have been raised and determined). Furthermore, even as to the defendants who were not sued in the state court action, the doctrine of issue preclusion may well foreclose recovery by the plaintiffs. To the extent that their claims in the present action depend upon a finding of the unconstitutionality, illegality, or impropriety of the constable's sale, the Superior Court's findings that the plaintiffs were afforded adequate notice of the sale, and that the sale was otherwise proper, may be entitled to preclusive effect. *See, e.g., Miller Brewing Co. v. Falstaff Brewing Corp.,* 655 F.2d 5, 9 (1st Cir.1981) (where party has had full and fair opportunity to litigate an issue, that party precluded from relitigating issue against opposing party as well as other parties); Restate-

ment of Judgments (Second), § 27, comment c (1982) (discussing preclusive effect to be given prior determination of evidentiary and ultimate fact).[7] While I need not and do not make any ruling as to the effect to which the prior state court adjudication would be properly entitled in this Court, I make note of these issues insofar as they were relevant to my consideration of whether this case is sufficiently meritorious to warrant the unusual step of appointing counsel for the corporate plaintiffs.

■ In sum, it is my judgment that, viewed in its total factual context, this case must be dismissed under Rule 41(b). Plaintiffs having been apprised of the Magistrate's Recommendation and having submitted a full memorandum on the issue, I do not find that any purpose would be served by now holding a hearing. Accordingly, plaintiffs' action is hereby dismissed with prejudice.[8]

---

7. Nor does the fact that there is currently an appeal pending from the final judgment of the Superior Court in any way deprive it of any preclusive effect to which it is otherwise entitled. *See Armstrong v. Armstrong,* 117 R.I. 83, 86, 362 A.2d 147 (1976). Likewise, it would be of no avail to plaintiff that he commenced his federal action shortly *before* the state action in

which the prior judgment was rendered. *Id.* at 87, 362 A.2d 147.

8. In view of this disposition, I decline to additionally impose sanctions on Briehler in the form of costs and fees to defendants for their attorneys' time at the two November conferences. Defendant Taber's motion requesting same is denied.