LIONEL H. MARTIN *vs.* EDNA HAMMOND *et al.*

MAY 15, 1959.

PRESENT: Roberts, Paolino and Powers, JJ.

PAOLINO, J.  This is a petition for a writ of certiorari to review the action of a justice of the superior court granting the defendants' motion for a continuance.  The petitioner seeks to quash such action on the ground that his constitutional rights have been violated.  Because of this claim we ordered the writ to issue and pursuant thereto all pertinent records have been certified to this court.

It appears therefrom that on September 16, 1958, the day on which the case was reached for trial on the merits on the jury trial calendar, defendants' counsel moved for a continuance on the ground that the record disclosed inconsistent decisions relating to certain motions which had been heard and decided by another justice of the superior court. The defendants' counsel argued that this situation had resulted from misunderstanding on the part of the trial justice who heard the motions in question.  On the other hand plaintiff's counsel contended that there was no such inconsistency and that even if there were defendants' counsel had failed to take any steps to correct the situation until the case was actually reached for trial.

100

After hearing arguments of opposing counsel on the motion to continue, the trial justice stated that she believed the statement of defendants' counsel that his efforts to correct the apparent inconsistency were unsuccessful due to the fact that the justice in question was unavailable. She thereupon continued the case to afford counsel an opportunity to consult the justice who had rendered the decisions in question so that the record might be straightened out before the case was called ready for trial. The plaintiff's exception to such ruling was duly noted. Thereafter plaintiff filed the instant petition for a writ of certiorari.

The plaintiff's contention that such decision deprives him of his rights under article I, sec. 5, of the constitution of this state is lacking in merit. It is well settled that the granting or denial of a motion for a continuance is within the discretion of the trial justice and such a decision will not be reversed by this court unless there is a clear abuse of discretion. *Capobianco* v. *United Wire & Supply Corp.,* 83 R. I. 405, 408; *Williams* v. *Altruda,* 74 R. I. 47, 52.

We have examined the record for the purpose of determining whether the granting of such continuance constituted a clear abuse of discretion. It appears therefrom that plaintiff commenced an action of assumpsit against defendants in the district court of the sixth judicial district and the ad damnum laid in the writ was $1,000. While the action was pending in that court plaintiff filed a bill of particulars listing claims totaling $1,360. After a trial which resulted in a decision for the defendants the plaintiff claimed an appeal to the superior court.

Thereafter on August 20, 1957 he filed an amended bill of particulars in which the amount claimed was increased to $1,922.50. Although the amended bill of particulars contains a notation signed by plaintiff's counsel stating that a copy of the same had been given to defendants' counsel, there is nothing in the record indicating that a motion for leave to file the same had been entered or that permission

therefor had been granted as of August 20, 1957. However, it appears from the record that on September 9, 1957 plaintiff filed a motion for leave to file "an amended Bill of Particulars in accordance with that appended hereto." This motion was heard by a justice of the superior court on September 13, 1957 and was continued to September 20, 1957.

It further appears that on October 10, 1957, while the motion to file an amended bill of particulars was still pending and before any decision was rendered thereon, plaintiff filed a motion to increase the ad damnum to $4,000. This motion was heard on October 18, 1957 by the same justice who heard the motion for leave to file an amended bill of particulars. After such hearing he orally denied the motion to increase the ad damnum and plaintiff's exception thereto was duly noted. However, on February 4, 1958 the same trial justice filed a rescript which included the following pertinent language: "The plaintiff * * * moved for leave to amend his declaration and his bill of particulars from a claim of $1360.00 to $1922.50. On the authority of *Section 3, Chapter 526, of the General Laws of Rhode Island, 1938,* the Court grants the motion, the amendment to be made within one week." A copy of this rescript was forwarded by the clerk of the superior court to defendants' counsel. The case was subsequently assigned for trial to the jury trial calendar for September 16, 1958 at which time it was actually reached for trial on the merits.

In the circumstances it is clear that on the record as it now stands there is an apparent inconsistency. Therefore the trial justice did not abuse her discretion in granting a continuance.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records which have been certified to this court are ordered sent back to the superior court for further proceedings.

*Aram K. Berberian,* for petitioner-plaintiff.

*Hugo L. Ricci,* for defendants.