PORTER TRUCKING CO., INC. *vs.* CAROLINA FREIGHT
CARRIERS CORP.

NOVEMBER 4, 1963.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

ROBERTS, J. This action in assumpsit was begun on January 11, 1960 by the service of a writ of summons on the defendant's attorney for service. Judgment was entered therein by default on behalf of the plaintiff on November 4, 1960 in the amount of $1,891.87. Thereafter, on January 12, 1962, the defendant moved in the superior court that the judgment be vacated, the default removed, and the cause reinstated for trial. After a hearing thereon a justice of the superior court denied the motion on March 13, 1962, and the matter is now before this court on the defendant's bill of exceptions thereto.

504

The defendant concedes its failure to answer the writ in the superior court and that therefore it was subject to the entry of a default judgment. The defendant argues vigorously, however, that the default judgment was improperly entered on grounds that appear to go to the validity of the service of process. The superior court, however, took the view that these contentions were immaterial for the reason that its authority to exercise control over judgments entered by it is by statute limited to the period of six months following the entry of the judgment. The court thereupon concluded that it was without authority to act in the instant case, the motion to remove the default having been made some fourteen months after the entry thereof.

It is our opinion that defendant misconceives the purport of G. L. 1956, §9-21-2, which limits the authority of the superior court to six months. It reads in pertinent part: "In case of judgment by default * * * the court entering the same shall have control over the same for the period of six (6) months after the entry thereof, and may, for cause shown, set aside the same and reinstate the cause * * *."

The defendant appears to contend that the superior court may, upon cause being shown, set aside a default judgment without regard to that provision. With this contention we are unable to agree, being of the opinion that the statute limits the exercise of the power of the superior court to control its judgments to the six-month period immediately following their entry and that after the expiration of such period the court is without authority to act with respect to such judgments.

It is our opinion that this statute is merely declarative of the common-law power of a court to exercise control over its judgments at least during the term of court in which they were entered. It seems clear that the legislative purpose of its enactment was to prescribe a definite limit as to the period of time in which the court could properly exercise that power. In such circumstance the statute must

be deemed to have the effect of terminating the authority of the court to vacate or otherwise alter its judgments after the expiration of the period of time therein set out. *White v. White,* 22 R. I. 602; *Cataldo v. Pono,* 89 R. I. 240.

It is true that in *Ktorides v. Kazamias,* 75 R. I. 465, this court suggested that legislative enactments designed to give litigants a trial where such had been lost to them through no fault or dereliction on their own part confer upon the court a wide discretion to grant the relief upon a proper petition therefor. It is to be noted, however, that we took such view of the effect of a statute with respect to a determination of whether an applicant had shown good cause for the granting of relief authorized by the legislature. In the instant case we are concerned not with the sufficiency of the cause shown as justifying the relief but with the imposition by the legislature of a limitation upon the time within which the court properly may exercise its inherent power. It is our opinion that in this circumstance there must be a literal compliance with the pertinent provision of the statute.

The exceptions of the defendant are overruled, and the case is remitted to the superior court for further proceedings pursuant to the judgment.

*Abedon, Michaelson and Stanzler, Richard A. Skolnik,* for plaintiff.

*William B. Sweeney, Frank H. Bellin, Zygmunt J. Czubak,* for defendant.