381 A.2d 1047.

PAMELA L. BRANDT *vs.* BRUCE BRANDT.

JANUARY 9, 1978.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

BEVILACQUA, C.J.    This is an appeal from a judgment of the Family Court affirming the order of a Master in a Uniform Reciprocal Enforcement of Support Act (URESA) proceeding. General Laws 1956 (1969 Reenactment) §15-11-1 et seq. That order required the respondent to pay $10 weekly for the support of two minor children and continued the matter for review during the period in which the respondent received unemployment compensation.

On January 4, 1974, the Bureau of Family Support and Domestic Relations filed a petition for support on behalf of petitioner under URESA.[1] The petition was heard by a Master, appointed pursuant to §8-10-3, as amended by P.L. 1973, ch. 125, §1, who took judicial notice of a divorce action pending between the parties in the Washington County Family Court. In that action, a qualified temporary support order for $25 weekly had been entered. The Master in the URESA proceeding found that, while petitioner needed $150 weekly for the support of two minor children, respondent, who received $76 per week unemployment compensation, was able to pay only $10 per week at that time. An order for $10 was entered on May 22, 1975, and the matter continued for review on July 29, 1975. The matter was subsequently continued for review on November 11 and December 9, 1975, respectively. At the December 9 hearing, the Master found that there had been no change in respondent's ability to support since the original order. However, respondent's motion to enter final judgment was

---

[1]Section 15-11-15 empowers the director of social welfare or his designee to petition for support on behalf of those persons receiving benefits from the department of social welfare.

denied. The denial was affirmed by the Family Court on April 27, 1976, and the matter continued again.

The respondent contends that the Master was without authority to adjudicate the issue of support. However, he failed to take a timely appeal from the denial of his objection to the URESA proceedings on the basis that they were barred by the prior adjudication of his support liability in the Washington County Family Court. Because of this, we do not consider this issue.

The respondent also contends that the Family Court is without authority to continue a case for review once it has adjudicated the issue presented for trial.

The Family Court is one of statutory creation possessing only those powers conferred upon it by statute. *Castellucci* v. *Castellucci,* 116 R.I. 101, 105, 352 A.2d 640, 643 (1976). We have held that a statutory provision stating that judicial proceedings "shall follow the course of equity" does not enlarge the jurisdiction of a court beyond that expressly granted, *White* v. *White,* 70 R.I. 48, 54, 36 A.2d 661, 664 (1944). The Family Court does, however, have authority equal to that of the Superior Court to make such orders as may be necessary to effectuate a just resolution of matters properly before it. Section 8-10-38. It is well settled that the power to continue is inherent in the authority of a court to hear and determine the cases before it. *See Lemoine* v. *Martineau,* 115 R.I. 233, 238, 342 A.2d 616, 620 (1975). A court may grant or deny a motion properly before it or, absent statutory provisions to the contrary, may sua sponte order a continuance when it is, in the eyes of the court, necessary. *Waite* v. *State,* 169 Neb. 113, 119, 98 N.W.2d 688, 692 (1959); *Fleming* v. *Jarrett,* 102 A.2d 303, 304 (D.C. 1954); *Foster* v. *Redfield,* 50 Vt. 285, 292 (1877). We have stated that URESA is remedial in nature and, therefore, should be liberally construed to accomplish the purpose for which it was enacted. *Rymanowski* v. *Rymanowski,* 105 R.I. 89, 101, 249 A.2d 407, 413 (1969).

URESA was enacted "to improve * * * the enforcement of duties of support * * * ." Section 15-11-1. The Legislature has defined a duty of support to include any duty "imposed or imposable by law." Section 15-11-2.

The Family Court, in the case before us, had determined that petitioner required $150 per week to support two minor children. While it did state respondent was able to contribute only $10 per week at that time, the order of December 9, 1975 clearly indicates that the Master did not intend it to be his final act in the case. We have said that the writing required by Super. R. Civ. P. 58, if it is to be considered a final judgment, "must clearly evince that it is the final act in the proceeding and an adjudication of the issues involved." *Malinou* v. *Kiernan*, 105 R.I. 299, 301, 251 A.2d 530, 531-32 (1969). Because the Family Court did not finally dispose of the matter before it, it retained jurisdiction and thus had the authority to continue the case for review. Exercise of that power was within the discretion of the court. *Martin* v. *Hammond*, 89 R.I. 98, 100, 151 A.2d 114, 115 (1959). On review, the decision of the trial court will not be reversed unless the party seeking review demonstrates a clear abuse of discretion. *Kishfy* v. *Kishfy*, 104 R.I. 61, 65-66, 241 A.2d 827, 829 (1968).

In the case at bar, abuse is apparent on the record. The matter was continued for review on five occasions between the original hearing in May 1975 and the order of April 1976. The Master found that there had been no change in the financial circumstances of respondent between May and December 1975. There is no evidence in the record of a change in respondent's ability to pay between December 1975 and April 1976. The record also indicates that respondent was in full compliance with the order of May 22, 1975. It is well settled that public policy favors an end to litigation. *Goloskie* v. *Sherman*, 108 R.I. 730, 733, 279 A.2d 409, 411 (1971). While this policy may give way to competing interests under the proper circumstances, such circumstances are not present in this case. Therefore, we hold that the trial

court abused its discretion in continuing the case for review after the hearing on December 9, 1975.

The respondent's claim that, if review was proper in this case, it must commence by a citation issued and served upon the respondent personally, is without merit. A general appearance is the equivalent of service. *Sundlun* v. *Sundlun*, 103 R.I. 25, 30, 234 A.2d 358, 361 (1967).

The respondent's appeal is granted in part, and the case is remanded to the Family Court for entry of judgment in accordance with this opinion.

Mr. Justice Paolino participated in the decision but retired prior to its announcement.

*Julius C. Michaelson*, Attorney General, *Harold E. Krause, Jr.*, Special Assistant Attorney General, for petitioner.

*Aram K. Berberian*, for respondent.