Irene M. BIANCHINI

v.

Andrew F. BIANCHINI.

No. 79–394–Appeal.

Supreme Court of Rhode Island.

June 24, 1980.

Thomas W. Pearlman, Morton J. Marks, Providence, for petitioner.

Gerald G. Norigian, Warwick, for respondent.

OPINION

DORIS, Justice.

This is an appeal from a Family Court decree denying a petition to vacate a waiver of alimony and an order of child support made under a final divorce decree entered thirteen months earlier. We reject the petitioner's appeal and affirm the decree of the Family Court.

The record shows that Irene M. Bianchini (petitioner) and Andrew F. Bianchini (respondent) were divorced on grounds of irreconcilable differences on April 27, 1977. The Family Court awarded custody of their two children, Adam, age fourteen, and Alan, age twelve, to petitioner with reasonable visitation rights awarded to respondent. The respondent agreed that he would make support payments when he returned

to work and earned a specified net weekly salary. The petitioner permanently waived alimony and the final divorce decree was entered on August 4, 1977.

On September 13, 1978, more than one year following entry of the final divorce decree, petitioner filed with the Family Court an action that she called "Petition To Vacate The Waiver of Alimony And the Order of Child Support." The petitioner asserted that the terms of the divorce decree were unconscionable, that at the time of the divorce she was under the care of a psychiatrist and could not appreciate the consequences of her waiver of alimony, that the children should have had a guardian ad litem to represent their interests, and that respondent misrepresented his assets.

Although the September 13 petition had the same docket number as had been assigned to the divorce proceeding, petitioner sought to have the petition treated as a separate and distinct action. If treated as a continuation of the divorce proceeding, petitioner would not have been in compliance with G.L. 1956 (1969 Reenactment) § 9–21–2, which allows a party to seek relief from a final judgment by motion filed within one year from entry of the judgment.[1] Upon petitioner's stipulation the Family Court justice agreed to consider whether the Family Court has the power to set aside a final decree by means of an independent action initiated more than one year after entry of a final decree.

In her memorandum to the Family Court justice petitioner contended the Family Court has such power. She pointed to the fact that by virtue of G.L. 1956 (1969 Reenactment) § 8–10–38 the Legislature conferred upon the Family Court like powers as are conferred upon the Superior Court.[2] From this affirmative statutory language she reasoned that both the Family Court and the Superior Court have the inherent power "to make such orders as may be necessary to effectuate a just resolution of matters properly before [them]" and that with respect to the power of the Family Court this included, in appropriate instances, the ability to review by independent action those judgments found to be inequitable. Brandt v. Brandt, R.I., 381 A.2d 1047, 1048 (1978).

Alternatively, petitioner argued that if the Family Court justice perceived her petition as an equitable action raising issues of subject-matter jurisdiction, the Family Court had jurisdiction to hear her claim from the broadened powers granted under G.L. 1956 (1969 Reenactment) § 8–10–3, as

---

1. General Laws 1956 (1969 Reenactment) § 9–21–2 reads as follows:

"Control retained over judgment or decree.—On motion and upon such terms as are just, a court may relieve a party or his legal representative from a final judgment, order, decree, or proceeding entered therein for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under applicable law; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time and not more than

one (1) year after the judgment, order, or proceeding was entered or taken."

2. General Laws 1956 (1969 Reenactment) § 8–10–38 reads, in pertinent part, as follows:

"Judgments, decrees and orders—Punishment for contempt.—Like powers are hereby conferred upon the family court as are conferred upon the superior court by the provisions of § 8–6–1 * * *."

General Laws 1956 (1969 Reenactment) § 8–6–1 reads as follows:

"Judgments, decrees, and orders—Writs and process—Punishment of contempt.—The supreme and superior courts shall have power to enter such judgments, decrees and orders, and to frame and issue such citations, executions and other writs and processes, as may be necessary or proper to carry into full effect all the powers and jurisdiction which are or shall be conferred upon them respectively by the constitution or by law. They shall have power to punish, by fine or imprisonment, or both, all contempts of their authority."

amended by P.L. 1977, ch. 89, § 1.[3] *See Fox v. Fox*, 115 R.I. 593, 350 A.2d 602 (1976); *Rogers v. Rogers*, 98 R.I. 263, 201 A.2d 140 (1964).

Finally, petitioner argued that certain pronouncements made in *Paul v. Fortier*, 117 R.I. 284, 366 A.2d 550 (1976), apply to Family Court proceedings. We there recognized that even before adoption of Super.R. Civ.P. 60(b),[4] a litigant could seek relief from a Superior Court judgment by petition or motion, *see Burns Electronic Supply Co. v. Westmoreland*, 116 R.I. 332, 336, 356 A.2d 479, 481 (1976), as well as by independent action. *Opie v. Clancy*, 27 R.I. 42, 60 A. 635 (1905). Furthermore, we said that under Rule 60(b) independent actions brought to set aside a Superior Court judgment are not barred by the one-year restrictions that are imposed on motions. *Paul v. Fortier*, 117 R.I. at 289, 366 A.2d at 553.

On March 23, 1979, the Family Court justice concluded that § 9–21–2 was controlling and that petitioner's claim for relief from a final judgment must be made by motion filed within a reasonable time and not more than one year after entry of that judgment. *See In re Julie*, 114 R.I. 419, 334 A.2d 212 (1975). Accordingly, the Family Court justice held that the Family Court lacked jurisdiction to hear a totally separate action, and he dismissed petitioner's claim.

On appeal, petitioner asserts that the Family Court has the power to review or reconsider its own actions or decrees by means of an independent action. She claims, in reliance upon our decision in *Brandt*, that although the review of Family Court decrees more than one year old is not governed by any specific rule, the Family Court, nevertheless, has the inherent power to grant her relief from an invalid or otherwise inequitable decree.

Our discussion in *Brandt* of the power of the Family Court is distinguishable and provides no support for petitioner. There a party filed a motion seeking a final judgment on a child support matter that had been continued for review on five occasions after the original hearing. The Family Court had not finally disposed of the matter and the court therefore retained jurisdiction to review the proceedings and/or to enter a final judgment thereon. *Brandt v. Brandt*, R.I., 381 A.2d at 1049.

In the present case the August 4, 1977, decree terminated litigation on the merits and left nothing more for the Family Court to decide. This amounted to entry of a final judgment. *Murphy v. Bocchio*, 114 R.I. 679, 682–83, 338 A.2d 519, 522–23 (1975). The power of the Family Court to

---

**3.** The pertinent statutory language upon which petitioner relies is as follows:

"There is hereby established a family court * * * to hear * * * such other equitable matters arising out of the family relationship wherein jurisdiction is acquired by the court by the filing of petitions for divorce, bed and board and separate maintenance; antenuptial agreements, property settlement agreements and all other contracts between persons * * *."

**4.** Super.R.Civ.P. 60(b) reads as follows:

"(b) Mistake; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action."

review the judgment was, thereafter, controlled by § 9–21–2 which prescribes "a definite limit as to the [manner and] period of time in which the court could properly exercise that power." *Porter Trucking v. Carolina Freight*, 96 R.I. 503, 504, 194 A.2d 834, 835 (1963).

It is our judgment that this restriction on the court's power is consistent with the public policy favoring an end to litigation once the parties have had their day in court. *Goloskie v. Sherman*, 108 R.I. 730, 733, 279 A.2d 409, 411 (1971). The record clearly demonstrates that in the present case petitioner had her day in court and that she had ample opportunity to seek relief after the April 27 divorce and again after the August 4 decree. After the final decree, however, petitioner could only seek relief within the manner prescribed by § 9–21–2. *See Pasquazzi v. Pasquazzi*, R.I., 381 A.2d 233 (1977).

Neither G.L. 1956 (1969 Reenactment) § 8–10–3, nor our constructions of that statute in *Fox* and *Rogers*, is authority for petitioner's claim that the Family Court can entertain independent actions to set aside a decree allegedly fraught with injustice. The Family Court is a statutory tribunal whose jurisdiction is limited by § 8–10–3. *Castellucci v. Castellucci*, 116 R.I. 101, 352 A.2d 640 (1976). While the statute admittedly broadened the subject-matter jurisdiction of the Family Court, *Halliwell v. Lippitt Realty Co., Inc.*, R.I., 394 A.2d 708 (1978), it did not implicitly bestow the authority to hear a petition filed by independent action more than one year after entry of the final decree.

Contrary to petitioner's claims neither our findings in *Paul*, nor our treatment therein of Super.R.Civ.P. 60(b), is applicable to the present action. Furthermore, our recognition in *Paul* of a litigant's pre-rule right to seek relief from a Superior Court judgment by use of motion or independent action is a recognition of the sanctity of final judgments. "We do not, by any means, extend today an opportunity for all *aggrieved parties* to relitigate issues which have been heard and decided." *Id.* 117 R.I. at 289, 366 A.2d at 553.

Although the legislative enactment of Super.R.Civ.P. 60(b) re-emphasized and preserved that court's power to provide relief to a litigant, by displacement of uncertain and ancient common law remedies, it is not controlling in the Family Court. Additionally, the mere fact that the Proposed Rules of Procedure of the Family Court have a Rule 60(b) is not dispositive of petitioner's contention that the Family Court has always possessed the power to entertain an independent action.

We think this reasoning is consistent with the case of *In re Julie* in which we rejected a claim that Super.R.Civ.P. 12(b)(6) was a pertinent consideration in a motion to vacate a termination of a parental rights decree that was filed in the Family Court. "Since the Family Court has no specific rule applicable to motions to vacate, it is therefore clear that the motion under consideration here is filed exclusively under the authority of § 9–21–2." *Id.*, 114 R.I. at 422, 334 A.2d at 214.

In the present case, the September 13 petition to vacate must also, perforce, be filed exclusively under the authority of § 9–21–2 because the Family Court does not yet have a Rule 60(b) and Super.R.Civ.P. 60(b) is not applicable to the Family Court.

From an examination of the pertinent law, we must conclude that the Family court justice rightfully held that motions to vacate decrees in the Family Court must be filed under the authority of § 9–21–2 and that whereas the time limit set for the court to hear the motion had expired the Family Court lacked jurisdiction to entertain the petition. Accordingly, we need not reach the substantive question of whether the petitioner's allegations, if established, would suffice as valid grounds amounting to inadvertence, surprise, excusable neglect or fraud by which the Family Court could vacate the waiver of alimony and the order of child support.

The petitioner's appeal is denied and dismissed, the decree below is affirmed, and the case is remanded to the Family Court for further proceedings.