Susie JIMMIE, Neal Charlie, Arthur Frank, Solomon Peter, Cerosky Charlie, Jonathan David, and Peter John, Petitioners,

v.

ALASKA VILLAGE ELECTRIC CO–OP, INC., Respondent.

No. 5196.

Supreme Court of Alaska.

March 13, 1981.

Walter P. Zulkoski, Alaska Legal Services, Fairbanks, for petitioners.

No appearance for respondent.

Before RABINOWITZ, C. J., and CONNOR, BURKE and MATTHEWS, JJ., and DIMOND, Senior Justice.

## OPINION

RABINOWITZ, Chief Justice.

This petition for review involves small claims actions for unpaid electrical bills which were filed in the district court against several residents (hereinafter Villagers) of Minto, a Native American village located in Interior Alaska. The Villagers' attorney entered an appearance on February 13, 1980, and immediately requested that formal rules of civil procedure be applied even though some of the Villagers had previously waived formal procedures in their answers. The request was granted by a district court judge and trial was set for February 29. Prior to the scheduled trial date the Villagers' attorney discovered that the Villagers' electrical meters may have been malfunctioning. He asked for a continuance to investigate that possibility and to delay trial until after winter when travel to and from Minto would be easier and the Villagers would be finished with their winter hunting and trapping. The district judges to whom the cases had been assigned agreed to grant continuances.

However, by an administrative order, the presiding judge of the fourth judicial dis-

trict had established a formal policy of reviewing all motions for continuances which were filed in both superior and district courts. This administrative order granted the judge sitting on the case the authority to deny the continuance or to recommend granting it. If the judge sitting on the case denied the continuance the matter ended there. If the judge sitting on the case determined that a continuance was warranted, he was required to forward a recommendation to the presiding judge who was then to review the matter and to make a final decision.

Ruling pursuant to this administrative order, the acting presiding judge considered and denied the Villagers' motion for a continuance. At the same time, the acting presiding judge reversed the previously entered orders of the district court judge granting the Villagers' election for application of formal rules of procedure even though no review had been sought of the district court's orders. The Villagers now seek review of the acting presiding judge's orders denying the continuance and reversing the order of the district court judge sitting on the case providing for application of formal rules of procedure to the trial of the claims in question.

■ The initial question before us is whether the acting presiding judge had the authority to consider and deny the motions for continuance. The Villagers argue that the presiding judge's administrative order, by which he undertook to make all final decisions on motions for continuance, was beyond his authority.[1] We disagree. The duties of the presiding judge are set forth in AS 22.10.130:

> The presiding judge shall in addition to his regular judicial duties (1) assign the cases pending to the judges made available within the district,
>
> (2) supervise the judges and their court personnel in the carrying out of their official duties within the district, and

1. We take note that, as of July 8, 1980, the policy established by the presiding judge's administrative order is no longer in effect in the fourth judicial district. Current policy is to allow the judge sitting on the case to decide continuance motions without the necessity of submitting recommendations to the presiding judge.

(3) expedite and keep current the business of the court within the district. In addition, by administrative rule, the presiding judge has the responsibility of supervising the administration of all court units within the relevant judicial district.[2]

Continuances have an obvious effect on the orderly flow of court calendars. In accordance with AS 22.10.130(3), the presiding judge, with specific responsibility to "expedite and keep current the business of the court," could have appropriately decided that it was necessary to personally review the granting of continuances in district court. Such a decision is within the presiding judge's authority to assign cases and within the scope of the presiding judge's administrative and supervisory duties. Thus, absent explicit restrictions in rule or statute,[3] the administrative order in question, pursuant to which the presiding judge retained the final decision regarding any district or superior court judge's recommendation that a continuance be granted, was valid. We conclude that under this administrative order the acting presiding judge had the authority to review and to deny the Villagers' motion for a continuance.

■ This leads us to the question of whether the presiding judge properly exercised his discretion in denying the Villagers' motion for continuance. This court will not disturb the trial court's ruling unless we are persuaded that the court abused its discretion in denying the continuance. *Reese v. Geiermann*, 574 P.2d 445, 446–47 (Alaska 1978); *Doe v. State*, 487 P.2d 47, 57 (Alaska 1971).

■ In *Wright v. State*, 501 P.2d 1360, 1366 (Alaska 1972), we stated that "[t]he question of abuse of discretion depends upon the particular facts and circumstances of each case." In the instant case we are persuaded that the acting presiding judge's denial of the motion for continuance was an abuse of discretion. As previously mentioned, shortly before the trial was scheduled to commence, the Villagers' attorney discovered that the Villagers' electrical meters may have been malfunctioning. An inspection of these meters was therefore necessary before the Villagers could effectively defend themselves. Moreover, given the facts that the Villagers lacked home telephones and that travel between Minto and Fairbanks was difficult, contact between the Villagers and their attorney was limited, inhibiting adequate preparation of the Villagers' case. Furthermore, we note that respondent's attorney agreed to a continuance until early spring or summer, understanding that petitioners needed to conduct further discovery and might also need to amend their answers to include claims of due process and Truth-in-Lending violations.

We do not mean to imply that a continuance should be granted whenever winter travel imposes unnecessary hardships on the party requesting the delay. However, in this case the circumstances were unique and in order for the Villagers to receive a fair

---

**2.** Until amended in July 1980, former Alaska R.Admin.P. 37(a) provided in pertinent part:

The presiding judge shall perform the duties required of him by law and shall be responsible for supervising the administration of all court units within his district.

The current parallel provision is found at Alaska R.Admin.P. 27(b). Administrative authority over both the superior and the district courts was consolidated in a single presiding judge after a thorough study of the matter in 1974. *See* Supreme Court Order No. 183.

**3.** There does appear to be a contrary rule for superior court civil cases. Alaska R.Civ.P. 40(d) states:

Except as otherwise provided in Rule 63, application for any order in an action or proceeding, including any order in regard to appellate proceedings, shall be made to the judge to whom such action or proceeding is assigned. However, if the judge to whom such cause is assigned is not accessible, application for an order may be presented to the presiding judge, or in his absence, to any other available judge within the state, upon good cause shown, and orders may then be signed by the judge to whom such application and showing has been made. This section shall not apply to findings, judgments and orders based upon decisions theretofore announced by a judge, except in the event of the disability of such judge as provided in Rule 63.

This provision does not apply in district court. *See* Alaska Dist.Ct.R.Civ.P. 1(a)(2).

trial a continuance was necessary. In refusing to follow the recommendations of the judge sitting on the case, the acting presiding judge gave no indication of any reason for denying the Villagers' motion for a continuance and there is nothing in the record to indicate that granting the motion would result in prejudice to respondent or to the administration of justice. For the above reasons we hold that the denial of a continuance was error.

■ The Villagers' second contention is that the acting presiding judge had no authority to reverse the order of the district court judge sitting on the case granting the Villagers' request for application of formal rules of procedure. District Court Civil Rule 8(a) accords the parties to a small claims proceeding the right to elect formal rules of procedure.[4] In addition, District Court Civil Rule 8(c) gives the district court authority, on its own motion, to order that formal rules apply.[5] We agree with the Villagers that the presiding judge was not authorized, sua sponte, to deny the Villagers' right to elect formal rules or to reverse the determination of the district court

judge sitting on the case that formal rules shall apply.[6]

In contrast to the motions for a continuance, where the district court judge sitting on the case merely made a recommendation to the acting presiding judge, the Villagers' motion for formal procedures was ruled upon and an order granting the motion was entered by the district court judge. Neither party appealed this decision to the superior court.[7] It appears that when the acting presiding judge was reviewing the continuance motion, he came across the district court judge's order granting the Villagers' motion for formal rules and sua sponte reversed the district court's order. Such action by the acting presiding judge in the case at bar cannot be approved. There is no legal authority which authorized the presiding judge to reverse the order of the district court judge sitting on the case granting the Villagers' request for formal procedures.

The acting presiding judge's orders denying a continuance and striking the order of the district court judge sitting on the case for formal rules of civil procedure are Reversed and Vacated. The matter is re-

4. Alaska Dist.Ct.R.Civ.P. 8(a) provides:
    Procedure in small claim actions, as defined by AS 22.15.040, is governed by these rules and other rules specifically incorporated herein by reference, when all parties to the action elect to be governed by them. Part I of the District Court Rules of Civil Procedure [the formal rules of procedure] governs small claim actions when the parties do not elect small claim procedure.

5. Alaska Dist.Ct.R.Civ.P. 8(c) provides: "The court may, on its own motion, order the rules in Part I [the formal rules of procedure] to apply in any action when important or difficult questions of fact or law are involved."
    Alaska Dist.Ct.R.Civ.P. 1(b) provides: "Where the words 'court' or 'judge' are used in these rules, they shall be construed to include a district judge . . . ."
    Because it was the Villagers who requested that formal rules be followed, the district judge's order for formal procedures appears to have been made pursuant to District Court Civil 8(a), not 8(c).

6. The presiding judge, in overruling the district court's order for formal procedures, found that five of the petitioners had waived their right to formal procedures by checking the appropriate

box on the small claims answer. However, it should also be noted that, without specifically referring to District Court Civil Rule 8(c), see note 5 supra, the form stated that the waiver would be null and void if the court entered an order applying the formal rules.
    As to the three petitioners who had not checked the waiver box, the presiding judge found that the order for formal procedure had to be stricken because it was not entered on timely application.
    Because the Villagers have not argued the issues of waiver and timeliness we do not reach these questions. In addition, having found that the presiding judge had no authority to reverse the district judge's order, we need not consider the merits of the presiding judge's decision.

7. Since the matter was one decided in district court, a petition for review would have gone to the superior court. Former Alaska Dist.Ct.R. Civ.P. 31(a). Had one of the parties filed a petition, the presiding judge would then have had the authority to assign the matter to himself and to review the district court's decision. Former Alaska Dist.Ct.R.Civ.P. 31(h). Currently, these procedures are contained in the new Alaska R.App.P. 611.

manded for further proceedings consistent with this opinion.

MATTHEWS, Justice, concurring.

While I agree that the presiding judge abused his discretion in denying the motion for continuance and that he had no authority to reverse the district court with respect to District Court Civil Rule 8(a), I do not agree that the presiding judge had the authority to make an administrative rule which in effect deprived the district court of jurisdiction to grant continuances.

The rule in question was promulgated in a memorandum issued by the Presiding Superior Court Judge in the Fourth Judicial District on January 2, 1979. It applied by its terms both to superior court and to district court cases and state in relevant part:

> When a request for a continuance is filed, the file will first go to the assigned judge for consideration. If the assigned judge decides that a continuance is not in order, he will deny the motion and that will end the matter. I will have no reason to see the file.
>
> If the assigned judge feels that a continuance is warranted, he should send me the file with a note so recommending. I will then review the file and make a final decision.

In my view, the presiding judge of the superior court does not have the power to decide that he is the only trial judge in his district who has the power to grant continuances. The rules and statutes cited by the majority do confer upon the presiding judge the authority to expedite the flow of decisions, but the exercise of that authority should be limited to using purely administrative procedures. Motions to continue are adjudicatory matters, and should be decided by the court in which the case is assigned. Many cases have identified the power to grant a continuance as one of the inherent

powers of a court, incident to its authority to hear and decide causes.[1] This court itself noted in *Klockenbrink v. State*, 472 P.2d 958, 964 (Alaska 1970) that, "[g]ranting or denying a continuance traditionally has been within the discretion of the trial judge. . . . ." The majority decision represents a departure from these principles.

Furthermore, Civil Rule 40(f) provides in relevant part:

> (1) All cases set for trial shall be heard on the date set unless the same are continued by order of the court for cause shown.
>
> (2) Unless otherwise permitted by the court, application for the continuance of the trial of the case shall be made to the court at least five days before the date set for trial. The application must be supported by the affidavit of the applicant setting forth all reasons for the continuance. If such case is not tried upon the day set, the court in its discretion may impose such terms as it sees fit, and in addition may require the payment of jury fees and other costs by the party at whose request the continuance has been made.

This rule applies in district court. *See* District Court Civil Rule 1(a)(1) and (2). Since this rule applies in the district court it can only be sensibly read as providing authority to the district court to grant motions to continue. If it was intended that only the presiding judge of the superior court would have the power to grant a motion for a continuance made in the district court, Civil Rule 40(f) would have been made inapplicable to the district court, as indeed part (d) of Civil Rule 40 was. *See* District Court Rule 1(a)(2).

My conclusion is also consistent with the traditional notion that a court which has jurisdiction over a case has the power to rule on motions which are made in the case,

1. *Dietrich v. United States Shipping Board E. F. Corp.*, 9 F.2d 733, 746 (2d Cir. 1925), *cert. denied*, 278 U.S. 647, 49 S.Ct. 82, 73 L.Ed. 560 (1928); *Ransom v. Sipple Truck Lines*, 52 F.Supp. 521, 526 (N. D. Iowa 1943); *State v. McCabe*, 140 Ohio St. 535, 45 N.E.2d 763, 765 (1942); *Cotter v. State Civil Service Com'n of Commonwealth*, 6 Pa.Cmwlth. 498, 297 A.2d 176, 178 (1972); *Brandt v. Brandt*, 381 A.2d 1047, 1048 (R.I.1978); *Bray v. Miller*, 397 S.W.2d 103, 105 (Tex.App.1965).

subject only to an appeal. This view is reflected in AS 22.15.090(b) which states in pertinent part:

> The district court has all power and authority necessary to carry into complete execution all its . . . determinations in all matters within its jurisdiction according to the constitution, the laws of the state and the common law.

Since there is no statute or rule depriving the district court of jurisdiction to determine when a case should be continued, I see no basis for concluding that the presiding superior court judge has the authority to take from the district court the power to determine motions to continue.