Richard W. GALLIPEAU et al.

v.

Maureen JORDAN.

No. 79–275–Appeal.

Supreme Court of Rhode Island.

March 17, 1982.

Turner C. Scott, Joseph J. Macioci, Newport, for plaintiffs.

Stephen E. Cicilline, Providence, for defendant.

OPINION

MURRAY, Justice.

This is an appeal from a Superior Court judgment denying the plaintiffs' motion to add moving costs to a judgment obtained against the defendant in a trespass and ejectment case.

On February 26, 1976, Richard W. and Jacquelyn Gallipeau (plaintiffs) filed a complaint in the District Court, seeking to recover possession of property leased by Maureen Jordan (defendant). The plaintiffs succeeded in obtaining a judgment that was entered on April 1, 1976, and executed approximately two months later.

On June 22, 1977, more than fourteen months after entry of the judgment, plaintiffs filed a motion in the District Court requesting that the costs incurred in moving defendant's belongings from the premises be added to the execution. The motion was granted by the District Court judge who ruled that the moving expenses were a "necessary adjunct to this trespass and ejectment action." At a subsequent hearing, the amount of the expenses was determined to be $416.25, and on January 22, 1979, defendant filed an appeal to the Superior Court.

After a de novo hearing on April 2, 1979, a Superior Court justice denied the motion, and plaintiffs are before us now on appeal from the order entered on that decision.

The plaintiffs argue principally that common sense and sound public policy dictate that the expenses incurred in executing the judgment be considered as one of the costs allowed to the prevailing party under G.L. 1956 (1969 Reenactment) § 9–22–5 and Rule 54(d) of the Superior Court Rules of Civil Procedure.[1]

---

1. The plaintiffs claim that their position is also supported by G.L. 1956 (1969 Reenactment) § 34–18–9.1, as enacted by P.L. 1977, ch. 82, § 1, which provides in part:

   "Whenever the personal property of any tenant is removed from the premises said tenant occupies by mandate of an execution from the court of competent jurisdiction, said tenant shall pay the entire amount of the cost of moving such personal property and any prepaid storage charges to the sheriff, constable, or other person who lawfully caused the personal property to be so moved, before the personal property can be released to the tenant * * *. Said amount shall be paid to the landlord as reimbursement for the costs of removing said personal property."

   Contrary to plaintiffs' assertions, § 34–18–9.1 is not applicable to this case. The judgment was entered and the time for appeal had

We do not, however, reach this question. The dispositive issue in this matter, which is not addressed by plaintiffs, is the question of whether or not a judgment may be amended fourteen months after it was entered.

A review of the relevant authority clearly indicates that plaintiffs' motion was not timely. Section 9–21–2 and Super.R.Civ.P. 60 provide that a party may obtain relief from a judgment for a variety of reasons. We need not, however, decide whether any of these reasons apply to plaintiffs' case; for § 9–21–2 and Rule 60 both require a party to make such a motion no later than one year after judgment is entered. *See Bianchini v. Bianchini*, R.I., 416 A.2d 123 (1980); *Porter Trucking Co. v. Carolina Freight Carriers Corp.*, 96 R.I. 503, 194 A.2d 834 (1963).

An even shorter deadline (no later than ten days after entry of judgment) is prescribed by Rule 59(e) for motions to alter or amend a judgment. It is indisputable that the plaintiffs' motion to add moving costs to the judgment was not timely, and we shall not reverse the decision of the Superior Court justice denying that motion.[2]

The plaintiffs' appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to the Superior Court.

expired long before the May 6, 1977 effective date of this statute. In any event, this provision merely sets forth the procedure whereby a tenant may regain possession of personal property that has been removed from the leased premises and stored elsewhere. There is nothing in the record to indicate that such a situation existed in this case.

2. The trial justice based his decision on the inapplicability of § 34–18–9.1 and did not address the question of the timeliness of the motion. It is well settled, however, that this court will affirm a correct judgment even if it was the result of erroneous reasoning. *Mesolella v. City of Providence*, 439 A.2d 1370 at 1373 (1982); *Berberian v. Rhode Island Bar Ass'n.*, R.I., 424 A.2d 1072 (1981).