DECISION
Before the Court are various post-appeal motions filed by Defendants. The parties now dispute the amount of pre- and postjudgment interest and various related matters. The underlying suit involves the sale of shares in the Sawyer School to Plaintiff. On October 9, 1992, judgment on the verdict in the amount of $29,000 was entered for Plaintiff on Count I (the promissory note count); recovery under Count II (the fraud count) was denied as was recovery on Defendants' counterclaim. Plaintiff filed a motion for new trial, which was denied, and Plaintiff then appealed denial of recovery under Count II. The Supreme Court summarily dismissed Plaintiff's appeal on September 29, 1994.
Motions to modify judgment, such as those pending before the Court, are directed to the Court's discretion and a ruling will be disturbed only upon a showing of clear error of law or a manifest abuse of discretion. Redmond v. Manufacturers HanoverTrust Co., 484 A.2d 906, 910 (R.I. 1984); McNickle v. BankersLife and Cas. Co., 888 F.2d 678, 680 (10th Cir. 1989).
Stay of Execution
Defendants move for a stay of execution pending the determination of interests and costs pursuant to R.C.P. 62. Because Plaintiff does not object, the Court grants Defendants' motion for a stay of execution.
Prejudgment Interest
The 1992 judgment entered by the clerk recites that the Plaintiff recover "the sum of $29,000.00" and provides for "interest thereon at the rate of 12% (per annum) as provided by law [of] $25,520.00 and costs of action for a total amount of $54,520.00."[1] Defendants filed a motion for relief from judgment and a motion for determination of interests and costs on December 6, 1994, claiming that a clerical mistake exists regarding the entry of prejudgment interest.
Defendants' motions were filed more than two years after the trial court's entry of judgment and more than two months after the Supreme Court summarily dismissed Plaintiff's appeal. Defendants do not specify in their motions or memorandum to which rule of civil procedure the motions are pursuant. According to Defendants, the judgment mistakenly provides for interest at the rate of 88% of the underlying sum. Defendants assert that prejudgment interest should commence January 1, 1989, when the note became due (making interest 45%), rather than June 28, 1988, the time the complaint was filed (making interest 52%).
Plaintiff, on the other hand, contends that the prejudgment interest entered, "erroneous or not," was not a clerical mistake because it was not a mistake of recordation. Therefore, the appropriate relief, according to Plaintiff, is not a motion for relief from a clerical mistake under rule 60(a), but a motion to alter the judgment under rule 59(e). Plaintiff argues that Defendants have waived error by failing to appeal the judgment or to file a timely motion under rule 59(e).
In support of its argument that Defendants' motion is untimely, Plaintiff asserts that both the amount of the judgment and the ground for judgment under Count I became final twenty days after entry, on October 29, 1992, because Plaintiff appealed only Count II (the fraud count). In support of this contention, Plaintiff relies on its notice of appeal, which states that Plaintiff appeals "The Judgment, dated October 9, 1992, to the extent that it reflects the jury's denial of recovery on Count II of Plaintiff's complaint. Plaintiff does not appeal from that portion of the Judgment that reflects the jury's award of $29,000.00 on Count I of Plaintiff's complaint." Moreover, the Supreme Court order dismissing the appeal recites that "Final judgments entered on the promissory note count and the dividend claim. The plaintiff moved for a new trial on the fraud claim only. The motion was denied, and plaintiff filed a timely appeal only from that portion of the judgment that denied a new trial on the fraud claim." Slip op. at 2.
Because this Court finds that the entry of prejudgment interest was a purely ministerial act that may be corrected at any time under rule 60(a), this Court will exercise its discretion and grant Defendants' motion. Under the rules of civil procedure, a party may pursue several avenues to alter a judgment. Rule 59(e) is often confused with rule 60(b) — both may be used to amend judgments, but "the crucial distinction between the two rules is that a Rule 59(e) motion to amend must be filed within ten days after entry of judgment, whereas a Rule 60(b) motion to vacate must be filed within a reasonable time, and in any case not more than one year after entry of judgment." SchoolCommittee of the Town of North Providence v. North ProvidenceFederation of Teachers, Local 920, 468 A.2d 272, 275 (R.I. 1983). Generally, when a rule 60 (b) motion is filed within ten days after the entry of judgment, it will be treated as a rule 59(e) motion. Id. Relief from judgment due to clerical mistakes pursuant to rule 60(a) "may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice." Rule 60(a) is designed to correct clerical errors in judgments arising from oversight or omission. TitleInvestment Co. of America v. Fowler, 504 A.2d 1010, 1012 (R.I. 1986). Rule 60(a) may also be used to correct entry of a judgment which does not accurately reflect the trial court's pronouncement, DiBello v. St. Jean, 106 R.I. 704, 708,262 A.2d 824, 826 (1970), to correct clerical or computational errors,Providence Gas Co. v. Burke, 475 A.2d 193, 199 (R.I. 1984), and to correct clerical errors by the clerk's office such a failing to notify a defendant of a pending trial, Clark v. Dubuc,486 A.2d 603, 605 (R.I. 1985). See also, 1 Kent, R.I. Prac. § 60.2 at 451 (1969).
In the present case, Defendants' motion would be timely only as a rule 60 (a) motion, because as discussed below, the judgment on Count I became final twenty days after entry. Accordingly, in the present case, the prejudgment interest may be corrected by a rule 60(a) motion because the clerk miscalculated the correct prejudgment interest under R.I.G.L. 9-21-10, which states in pertinent part:
 In any civil action in which a verdict is rendered or a decision made for pecuniary damages, there shall be added by the clerk of the court to the amount of damages, interest at the rate of twelve percent (12%) per annum thereon from the date the cause of action accrued which shall be included in the judgment entered therein. . . . This section shall not apply until entry of judgment or to any contractual obligation where interest is already provided.
According to Rhode Island case law, the calculation and entry of prejudgment interest is a purely ministerial act which contemplates no judicial intervention. Cardi Corp. v. State,561 A.2d 384, 387 (R.I. 1989); DiMeo v. Philbin, 502 A.2d 825, 826 (R.I. 1986); Paola v. Commercial Union Assurance Companies,461 A.2d 935, 937 (R.I. 1983); Kastal v. Hickory House, Inc.,95 R.I. 366, 369, 187 A.2d 262, 264 (1963). Prejudgment interest is purely statutory and "is peremptorily added to the jury verdict by the clerk of the court." Andrade v. State,448 A.2d 1293, 1295 (R.I. 1982).
In the present case, the clerk clearly erred in entering prejudgment interest at the rate of 88%. Contrary to Plaintiff's assertion, this was a clerical error in the order of a mathematical miscalculation, and one that can properly be corrected under rule 60(a) or 59(e). See, e.g., CommercialAssociates v. Tilcon Gammino, Inc., 801 F. Supp. 939, 942 (D.R.I. 1992) (rule 59(e) has been used to correct damage awards that were improperly calculated); Scola v. Boat Frances, R., Inc.,618 F.2d 147, 153 (1st Cir. 1980) (where the prevailing party has an unconditional statutory right to pre-judgment interest, the failure to award such interest is a clerical mistake that can be corrected under rule 60(a)). See also, School Committee of theTown of North Providence, 468 A.2d at 275, 276 (trial justice properly ruled on a rule 60(b) motion to correct inaccurate mathematical computation in a judgment for teacher compensation).
In determining the proper prejudgment interest, the date the cause of action accrued and the date the judgment became final must be ascertained. R.I.G.L. 9-21-10. In the case at bar, the cause of action accrued the date suit was filed, on June 28, 1988. "In the absence of a contract concerning it, interest on a note is due only from the date of demand or default. Commencement of suit is the equivalent of a judicial demand." Corning GlassWorks v. Seaboard Surety Co., 112 R.I. 241, 251, 308 A.2d 813, 819 (1973). Prejudgment interest continues to run from the date the cause of action accrues until the judgment becomes "final":
 the term "judgment" referred to in § 9-21-10
contemplates a final judgment, one that finally adjudicates the rights of the parties, whether it is a judgment from which no appeal is taken or a judgment that is affirmed by this court after consideration and rejection of the appellant's contentions.
Welsh Mfr., Div. of Textron v. Pinkerton's, Inc., 494 A.2d 897, 898 (R.I. 1985).
Thus, prejudgment interest continued to run until the judgment on Count I became final on October 29, 1992, twenty days after the entry of judgment by the clerk. R.A.P. rule 4(a). Plaintiff did not file a motion for new trial or appeal the judgment awarded for Count I. Plaintiff's motion for new trial and appeal of Count II did not affect the finality of the judgment for Count I, as the Supreme Court decision reflects by stating: "Final judgments entered on the promissory note count and the dividend claim. The plaintiff moved for a new trial on the fraud claim only. The motion was denied, and plaintiff filed a timely appeal only from that portion of the judgment that denied a new trial on the fraud claim." Slip op. at 2. SeeCoffey v. American Cancer Society, 540 A.2d 643, 646 (R.I. 1988) (motion for new trial on negligence issue did not toll time for appeal from directed verdict on dram shop issue). See also,In re Sherman, 565 A.2d 870, 871, 872 (R.I. 1989) (issue of pre- and postjudgment interest could not be appealed because judgment became final ten days after clerk's entry of judgment). Thus, prejudgment interest should have been entered for Plaintiff in the amount of 52% of the judgment.
Postjudgment Interest
Defendants also object to the assessment of postjudgment interest during the pendency of the appeal because no rule 54(b) motion was filed and the judgment did not become final until the Supreme Court's ruling on September 29, 1994. Contrary to Defendants' assertion, a rule 54(b) motion was not necessary, and as discussed above, the judgment on the note became final twenty days after entry.
Defendants further rely for their objection to the assessment of postjudgment interest during the appeal on Paola v.Commercial Union Assurance Co., 490 A.2d 498 (R.I. 1985), which held that "a judgment creditor who lodges an unsuccessful appeal should not be allowed to collect interest during the pendency thereof since it is the creditor's own act that makes it impossible for the debtor to discharge the debt." Plaintiff correctly points out that unlike Paola, Plaintiff did not appeal from the note judgment. This Court has determined above that the judgment on Count I became final twenty days after entry, and during the pendency of the appeal, Plaintiff indicated to the Supreme Court that:
 Appellees have never tendered the amount of the judgment against them, as a way of avoiding the further running of interest. Appellees' concern about the running of interest could easily be alleviated by their tendering to appellant the amount of the judgment from which no appeal was taken.
See Wayne Distributing Co. v. Piti Building Co., Inc.,512 A.2d 870, 872 (R.I. 1986) (defendants not required to pay postjudgment interest because they deposited into the court registry an amount sufficient to cover the judgment).
This is not a Paola situation in which Plaintiff has unsuccessfully appealed the judgment; thus, Plaintiff is entitled to postjudgment interest on Count I during the pendency of the appeal of Count II. As the Court stated in Estate of Meller v.Adolph Meller Co., 554 A.2d 648, 653 (R.I. 1989), "Nothing we set forth in Paola was designed to prevent a party from seeking at least a partial acceptance of an amount that is conceded to be due by way of minimizing damages."
Defendants also argue Plaintiff should not receive postjudgment interest during the pendency of the appeal because Plaintiff challenged the fraud count on the grounds that it was a compromised verdict, so, had the Supreme Court reversed, there would have been a new trial on all issues. See Grenier v.Royal Car, Inc., 114 R.I. 11, 327 A.2d 272 (1974); Ruggieri v.Ventalume Window and Door Products, Inc., 108 R.I. 514,277 A.2d 296 (1971); Maklar v. Greene, 106 R.I. 405, 261 A.2d 15 (1970);Fitzgerald v. Rendene, 98 R.I. 239, 201 A.2d 137 (1967). Thus, Defendants contend the judgment could not have been final until the determination of the appeal. Plaintiff distinguishes the cases Defendants rely on as cases in which the jury compromised liability and damages, thus requiring a retrial of the entire case. In the present case, however, Plaintiff did not appeal the note count and had Plaintiff prevailed, a retrial of the entire case would not have been necessary.
Finally, Plaintiff argues that Defendants are judicially estopped from denying that interest is running on the judgment because Defendants filed several motions on appeal in which they stated that interest continues to run during appeal. Plaintiffs argue that these representations constituted a judicial admission that interest was running on the note. Socony-Vacuum Oil Co. v.French, 88 R.I. 6, 15-16, 143 A.2d 318, 323 (1958); Martin v.Lilly, 505 A.2d 1156, 1161 (R.I. 1986). However, Defendants did not represent that postjudgment interest was running. SeeWelsh Mfg. Div. of Textron, Inc., 494 A.2d at 898 (prejudgment interest continued to run during pendency of appeal). Even if it can be inferred that Defendants intended to suggest that postjudgment interest was running during the pendency of the appeal, this Court need not rule on the basis of estoppel. This Court agrees with Plaintiff that postjudgment interest began to run when the judgment on Count I became final, and directs that postjudgment interest be entered from the date of October 29, 1992, at the statutory rate of 12% provided in R.I.G.L. 9-21-10.
Allowance of Costs
Additionally, Defendants move for an allowance of costs pursuant to R.C.P. 54 (d) in the amount of $3,162.90. Counsel's affidavit states that the costs were incurred in defending Count II, on which Defendants prevailed. Under R.I.G.L. § 9-22-5 a prevailing party may recover costs. This does not include attorney's fees. Waldeck v. Piner, 488 A.2d 1218, 1219-20 (R.I. 1985). Plaintiff asserts that the motion is not timely filed and improperly includes attorney fees; in the alternative, Plaintiff submits a conditional cross-motion for allowance of costs in the amount of $1845.94.
A postjudgment motion for costs is a motion to amend judgment which should be made pursuant to rule 59(e) or rule 60. SeeGallipeau v. Jordan, 442 A.2d 898, 900 (R.I. 1982). Defendants' motion was filed December 6, 1994, slightly more than two months after the Supreme Court summarily dismissed Plaintiff's appeal. The Supreme Court order had the effect of making the judgment on Count II final. Welsh Mfr., Div. of Textron v. Pinkerton's,Inc., 494 A.2d at 898. Thus, Defendants' motion was timely pursuant to rule 60, so this Court will exercise its discretion under rule 54 by allowing Defendants to recover costs, exclusive of attorney's fees, for successfully defending Count II. For the same reason, this Court refuses Plaintiff's motion for the recovery of attorney's fees for prevailing on Count I, because Plaintiff's motion — filed more than one year after the judgment became final — is untimely.[2] Gallipeau v. Jordan, 442 A.2d at 900.
Conclusion
Defendants' motion for stay of execution is granted. Defendants' motion for costs is granted in the amount of $1951.65; Plaintiff's motion for costs is denied. Defendants' motion for relief from judgment and a determination of interests is granted to reflect the correct prejudgment interest at the statutory rate of 12% per annum, or 52% of the judgment awarded less costs ($14,065.14). Finally, Defendants' motion objecting to the award of postjudgment interest is denied, and this Court directs that postjudgment interest on the judgment (less costs awarded) and on prejudgment interest be entered from the date of October 29, 1992, at the statutory rate of 12% per annum.
Counsel shall prepare the appropriate order for entry.
[1] The clerk erroneously marked the box on the judgment form for "with no interest thereon" rather than "with interest thereon."
[2] Although counsel's affidavit for costs states the amounts are for costs incurred in trying Count I and in defending the counterclaim, counsel has not allocated costs to each of these issues, thus the motion is denied.